154 So.2d 833 (1963)
STATE of Florida ex rel. GAINES CONSTRUCTION CO., a Florida corporation, and Julius Gaines, Petitioners,
v.
Tillman PEARSON, Chief Judge, Charles A. Carroll, Mallory Horton, Thomas J. Barkdull, Jr., Norman Hendry, Judges of the District Court of Appeal of Florida, Third District, Carol City Utilities, Inc., a Florida corporation, and John D. MacArthur, Respondents.
No. 32346.
Supreme Court of Florida.
June 19, 1963.
L.J. Cushman and Carr & Warren, Miami, for petitioners.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, and Richard A. Pettigrew, Miami, for respondents.
*834 O'CONNELL, Justice.
The relators, Gaines Construction Co. and Julius Gaines, instituted a law action against Carol City Utilities, Inc. claiming monies due on construction work performed for said utility company. During the progress of this suit the defendant utility obtained a stay order requiring the parties to proceed with arbitration pursuant to an agreement to arbitrate previously executed.
The arbitrator subsequently made a report entitled "Findings And Award." The first sentence of this document states: "This report presents my findings and determination of awards relating to profit and overhead on construction work for Carol City Utilities, Inc. * * *"
After reciting the contentions of the parties and the difficulties in reconciling the conflicts, the arbitrator stated that he had decided to ignore all contracts between the parties and treat the various dealings as one continuous transaction.
He then directed that "Both parties must agree on the actual cost of doing the job within the following framework * * *." and outlined items which were to be and which were not to be considered. He ordered that "The parties should agree within ten days on a figure that it actually cost the Gaines Construction Co. to do the work.", and provided that "To this net figure should be added 10% net profit."
He then ruled that if the parties were unable to agree on the actual cost within the ten days period they should employ an accounting firm "to make an examination and I will accept their findings. When they have determined the actual cost, they will add 10% profit and that profit will be my award to the Gaines Construction Co." He further ruled that any sums found to be due should be paid within fifteen days.
This report, designated "Findings and Award," apparently was filed in the trial court and several motions directed thereto were filed by the parties.
Thereafter the circuit court entered an "Order on Motions" in which the transcript of the proceedings before the arbitrator was ordered filed of record in the law action, Gaines' application to vacate the award and discharge the arbitrator was denied and other rulings were made.
More important, however, this "Order on Motions" ratified, approved and confirmed the "Findings and Award" of the arbitrator and, based upon other information furnished by the parties, ordered the utility to pay Gaines $191,879.97 within fifteen days.
Several days later the court, on motion of the utility, entered an order amending the said "Order on Motions" deleting that portion thereof which required the utility to pay Gaines the sum above mentioned.
Gaines Construction Co. and Julius Gaines filed their Notice of Appeal to the District Court of Appeal, Third District, in which review of the "Order on Motions" and the order amending that order was sought.
On motion of the utility the district court of appeal dismissed the appeal on the ground that the orders sought to be reviewed were not appealable. The appellants then filed their petition for writ of mandamus in this Court.
We issued the alternative writ and the respondents have filed their return.
The relators' principal position is that the orders of the circuit court sought to be appealed to the district court are appealable orders under the provisions of Sec. 57.29, F.S.A. They also contend that mandamus is the proper remedy to force an appellate court to exercise its jurisdiction.
The respondents argue that the orders of the circuit court here involved were interlocutory and reviewable, if at all, only by certiorari. They point out that further judicial labor will be required before the arbitrator can make an award of a sum *835 certain upon which the circuit court will then enter a money judgment.
Respondents also contend that mandamus is not a proper remedy to compel an appellate court to reinstate an appeal.
We will first consider the availability of mandamus as a remedy in a case such as this.
As authority for their position on this point respondents refer us to cases from two other states and to High, Extraordinary Legal Remedies, Sec. 191 (3rd ed. 1896). In the last cited text that respected writer makes the general statement that when a court dismisses an appeal, its order of dismissal is regarded as a judicial determination of the question which, however, erroneous, is final and conclusive; that it cannot be questioned or corrected by mandamus, the only remedy being by writ of error.
They argue, in effect, that in this case the district court did not refuse to exercise its jurisdiction but that it did so and in the exercise thereof determined that the appeal was not from appealable orders.
This argument is not without basis, but this Court has followed a different course, one which permits the use of mandamus to test the correctness of a determination of no jurisdiction by a court of lesser jurisdiction. See State ex rel. Duke v. Wills, 1905, 49 Fla. 380, 38 So. 289; State ex rel. Hopps v. Horne, 1918, 75 Fla. 149, 77 So. 672; State ex rel. Baggs v. Frederick, 1936, 124 Fla. 290, 168 So. 252 and State ex rel. Rembrandt Corp. v. Thomas, 1934, 117 Fla. 127, 157 So. 337.
We conclude that mandamus is a proper remedy in this case.
Therefore, we must decide whether the subject orders of the circuit court are appealable.
At the outset we note that the first "Order on Motions" was amended by a second order which only deleted the requirement that the utility pay Gaines a designated sum of money. The second order differs from the first only in that instead of specifying the amount of the award it directs that parties to proceed to the determination of the amount using the formula prescribed by the arbitrator.
Since it has been amended, review of the first order could gain relators nothing that could not be achieved by review of the second order, because as amended the first order is the same as the second.
Inasmuch as review of the first order, as amended, would be useless we should not use the writ of mandamus to compel it. State ex rel. Mann v. Burns, Fla.App. 1959, 109 So.2d 195.
We turn then to the second order.
We think that the relator is correct in his argument that the second order is appealable because of the provisions of Sec. 57.29, F.S.A.
This statute, Sec. 57.29, provides that:
"(1) An appeal may be taken from:
"(a) An order denying an application to compel arbitration made under § 57.12;
"(b) An order granting an application to stay arbitration made under § 57.12(2)-(4).
"(c) An order confirming or denying confirmation of an award;

"(d) An order modifying or correcting an award;
"(e) An order vacating an award without directing a rehearing; or
"(f) A judgment or decree entered pursuant to the provisions of this law.

*836 "(2) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."
The above quoted statute clearly authorizes appeals, not only from a judgment or decree entered by the court on an arbitrator's award, but also from various other orders entered in such proceedings which orders are in the usual sense not final judgments or orders.
It is true that Sec. 59.02(1), F.S.A., provides that appeals in cases at law lie only from final judgments, except as specified in 59.03, .04 and .05. These exceptions allow appeals from (1) any rule or summary order of a court which is in effect a money judgment; (2) an order granting a new trial and (3) an order of nonsuit.
The exceptions noted in Sec. 59.02(1) do not include appeals from orders entered in arbitration proceedings as authorized by Sec. 57.29, however, the latter section was enacted in 1957 subsequent to the adoption of Sec. 59.02(1).
Relators argue correctly that Sec. 57.29, pertaining to appeals, should be considered in pari materia with Sec. 59.02-05, which also relate to appeals. So construed the provisions for appeals in Sec. 57.29 must be considered as further exceptions to Sec. 59.02(1). This Court follows the rule that a statute must be construed in pari materia with all other laws on the same subject. State ex rel. McClure v. Sullivan, Fla. 1949, 43 So.2d 438.
We are led to the conclusion that an order confirming an award made by an arbitrator is an appealable order.
As mentioned above respondents argue that the report of "Findings and Award" of the arbitrator is not possessed of sufficient finality to support an appeal but rather was "merely one step toward a final solution."
We think the provisions of Sec. 57.10-31, F.S.A., which constitute the "Florida arbitration code," intend that an award of an arbitrator should settle and adjudicate all issues in dispute rather than dispose of them in piecemeal fashion. Where the dispute involves a claim of money as in this case the award should finally determine the amount due between the parties. While it may well be necessary during the course of the arbitration that the arbitrator make rulings and establish a formula to guide the parties and himself in reaching an award it would be more consonant with their preliminary import if such interlocutory determinations were not filed in the trial court as an award, but withheld for incorporation in the award when it is made and filed.
The report of "Findings and Award" here involved admittedly did not adjudicate all the issues in dispute and did not determine the amount due between the parties. Other matters were left to be decided and it seems apparent that the trial court anticipated further action by the arbitrator since the order sought to be appealed refused to discharge the arbitrator.
However, it is not the report of the arbitrator but the order of the trial court confirming the report which Gaines seeks to appeal. This is significant.
Although this report did not determine the amount due between the parties it did decide several of the factual issues necessary to determination of the amount due and it did establish the method by which the amount would be ascertained. If the trial court's order confirming the report is left undisturbed Gaines could not thereafter be heard to complain of any error in the matters decided in the report. It seems obvious that the only timely way of obtaining review of the correctness of the issues decided in the report of "Findings and Award" was by appeal of the order of the trial court which confirmed the report of the arbitrator.
We, therefore, hold that the second order is appealable under the provisions of Sec. 57.29(c), supra. It follows that the district *837 court of appeal should not have dismissed the appeal directed thereto.
The return having been found to be insufficient, the relator's motion for peremptory writ of mandamus notwithstanding, the return is granted.
It is so ordered.
ROBERTS, C.J., and TERRELL, DREW and CALDWELL, JJ., concur.
THOMAS and THORNAL, JJ., dissent.