QUESTION: Are all staff recommendations, written or oral reports, testimony, and staff work products presented to one or more Public Service Commissioners or a designated hearing examiner at any point in the proceedings before the commission until the time a final order is entered subject to cross-examination by the Public Counsel under s. 120.57(1)(b)5., F.S. (1974 Supp.)?
SUMMARY: The Public Counsel may cross-examine any witness who testifies or gives evidence during the course of a proceeding before the Public Service Commission or its hearing examiner conducted pursuant to Ch. 120, F.S. (1974 Supp.), read with ss.350.061-350.0613, F.S. (1974 Supp.), and he may rebut evidence, effect discovery, compare documentary evidence in the form of a copy or excerpt with the original documents, file exceptions to proposed orders, rebut ex parte communications placed on the record pursuant to s. 120.66(2), and generally conduct cross-examination when testimony is taken or documentary evidence is received and made a part of the record under s. 120.58(1)(e). Section 120.57(1)(b)5., F.S. (1974 Supp.), provides that in all cases to which subsection (1) thereof is applicable, the following procedures shall apply: All parties shall have an opportunity to respond, to present evidence and argument on all issues involved, to conduct cross-examination and submit rebuttal evidence, to submit proposed findings of facts and orders, to file exceptions to any order or hearing officer's recommended order, and to be represented by counsel. When appropriate, the general public may be given an opportunity to present oral or written communications. If the agency proposes to consider such material, then all parties shall be given an opportunity to cross-examine or challenge or rebut it. (Emphasis supplied.) Section 350.0611, F.S. (1974 Supp.), provides, inter alia, that the Public Counsel shall have such powers as are necessary to carry out the duties of his office, including the power to utilize in any action or proceeding before the Public Service Commission all forms of discovery available to all attorneys in civil actions generally, subject to protective orders of the commission, and to have access to and use all files, records, and data of the commission available to any other attorney representing a party in a proceeding before the commission. The Public Counsel appears in proceedings before the Public Service Commission as a representative of the general public and is given the power to appear, in the name of the state and its citizens, in any proceeding or action before the commission. Sections 350.061(1) and 350.0611(1), F.S. (1974 Supp.). Thus, the Public Counsel represents a "party" as defined by s. 120.52(9), F.S. (1974 Supp.), and, in the name of the state or its citizens, possesses and may exercise all the rights and powers of "parties" as prescribed by ss. 120.57(1)(b) and 120.58(1)(b), (c), (d), and (e), F.S. (1974 Supp.), as well as ss. 120.57(1)(b)6.g. and h. and 120.66(2), F.S. (1974 Supp.). All parts of Ch. 120, F.S. (1974 Supp.), must be read together under well-settled rules of statutory construction in order to determine the legislative intent. Tampa J. Ry. Co. v. Catts, 85 So. 364
(Fla. 1920); In re Opinion to the Governor, 60 So.2d 321 (Fla. 1952). Each and every part of a statute must be given effect if possible [Atlantic Coast Line R. Co. v. State, 74 So. 595 (Fla. 1917); Chiapetta v. Jordon, 16 So.2d 641 (Fla. 1944)], and all related statutes should be read in pari materia therewith, such as ss. 350.061-350.0613, F.S. (1974 Supp.). See Curry et al. v. Lehman, 47 So. 18 (Fla. 1908); State v. Pearson, 154 So.2d 833
(Fla. 1963); Markham v. Blount, 175 So.2d 526 (Fla. 1965); and Fla. Jai Alai, Inc. v. Lake Howell Water R. Dist., 274 So.2d 522
(Fla. 1973). Cross-examination is not authorized by s.120.57(1)(b)5., F.S. (1974 Supp.), at any other time under the well-settled rule of statutory construction that the mention of one item implies the exclusion of all others — expressio unius est exclusio alterius. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). Also see Rules 25-2.35 and 25-2.106, F.A.C., providing for the cross-examination of members of the commission's staff who testify and offer exhibits in proceedings before the commission and the order in which evidence is received or witnesses testify and the order of cross-examination in such proceedings. In summary, the Public Counsel may cross-examine any witness in a proceeding conducted under Ch. 120, F.S. (1974 Supp.), read with ss. 350.061-350.0613, F.S. (1974 Supp.), before the Public Service Commission or its hearing examiner when that witness testifies or gives evidence during the course of such proceeding, and may rebut evidence, effect discovery, compare documentary evidence in the form of a copy or excerpt with the original documents, file exceptions to proposed orders, rebut ex parte communications placed on the record pursuant to s. 120.66(2), and generally conduct cross-examination when testimony is taken or documentary evidence is received and made a part of the record under s. 120.58(1)(e).