QUESTION: Is a collective bargaining agreement relating to wages or compensation between a teacher bargaining agent and a school board reached subsequent to the beginning of the contract or salary year prohibited by s. 215.425, F.S.?
SUMMARY: A collective bargaining agreement relating to wages and compensation between a teacher bargaining agent and a school board reached and duly ratified by the public employer and the public employees subsequent to the beginning of the contract or salary year and providing for the payment of a definite annual salary in equal monthly installments over the term of the agreement for services to be rendered thereunder is not prohibited by s.215.425, F.S. Before answering your specific question, it should be noted that s. 215.425, F.S., states as follows: 215.425 Extra compensation claims prohibited. — No extra compensation shall be made to any officer, agent, employee, or contractor after the service shall have been rendered, or the contract made; nor shall any money be appropriated or paid on any claim, the subject matter of which shall not have been provided for by preexisting laws, unless such compensation or claim be allowed by bill passed by two thirds of the members elected to each house of the legislature. This section was formerly Art. XVI, s. 11 of the Florida Constitution of 1885, as amended, and was converted to statutory law by Art. XII, s. 10 of the 1968 Florida Constitution. My predecessors in office have previously had occasion to express their opinions on the effect of this former constitutional provision. In one such instance this office was asked whether a $150 across-the-board costof-living allowance or a supplemental bonus of $150 upon executing a supplementary contract would be prohibited by this provision. In finding that such a one-time cost-of-living allowance or bonus would be contrary to former Art. XVI, s. 11, State Const. 1885, one of my predecessors in office stated: . . . I know of no reason why said (School) Board could not give its teachers an increase in salary in an amount in keeping with its available funds, provided that said salary increase would be payable in equal monthly installments as required by the statute and provided that said salary increase was properly included in the teachers' contracts, even though said contracts were supplemental to the teachers' original contracts. (Emphasis supplied.) [Attorney General Opinion 051-182, issued June 28, 1951.] I am in agreement with the statements of my predecessor as set forth above which indicate that present s.215.425, F.S., would not be violated by the payment of a salary increase in equal monthly installments as provided in a teachers' contract and as required by law. See s. 230.23(5)(d) and (e), F.S. (1974 Supp.). In addition, this office has previously indicated that, while there is no specific prohibition in state law against payment for overtime work, such compensation should be approved beforehand in order to comply with former Art. XVI, s. 11, State Const. 1885 (present s. 215.425, F.S.). Attorney General Opinion 061-19. My predecessor has also been called upon to respond to the following question which relates to the question you have raised: Once a salary has been duly budgeted and the state department of education fails to pay the entire salary due to budgeted federal funds not being available, is an adjustment on previous salary payments on receipt of said federal funds in violation of the State Constitution? In responding to this inquiry, it was indicated that the factual situation presented to this office by the above question did not indicate a retroactive increase in salary prohibited by Art. XVI, s. 11, State Const. 1885 (present s. 215.425, F.S.), but merely an adjustment to a previous budgeted salary to cure an inequity caused by the failure of the treasury division of the State Department of Education to receive the designated matching federal funds. Attorney General Opinion 065-36. Based upon this review of former opinions from this office concerning the constitutional predecessor to s. 215.425, F.S., it would appear that the answer to your question is in the negative. This statutory section prohibits retroactive extra compensation, lump sum allowances, or other forms of compensation not provided for by law or contract and not earned in regular monthly installments. However, the facts as outlined in your question indicate that the collective bargaining agreement to which you refer will operate prospectively and will provide for the payment of a definite annual salary in equal monthly installments over the term of the agreement for services to be rendered under a duly ratified collective bargaining agreement. See ss. 230.23(5) and447.309, F.S. (1974 Supp.). The provisions of the Public Employees' Relations Act (Part II, Ch. 447, F.S.) and appropriate parts of the state's school code, such as s. 230.23(5), F.S. (1974 Supp.), must be read together and should each be construed in light of the other. Curry v. Lehman, 47 So. 18 (Fla. 1908). Statutes must be construed in pari materia with all other laws on the same subject. State ex rel. Gaines Construction Co. v. Pearson, 154 So.2d 833 (Fla. 1963). Markham v. Blount,175 So.2d 526 (Fla. 1965). Statutes should be construed together with and in harmony with any other statute relating to the same subject matter or having the same purpose, even though the statutes were not enacted at the same time. Mann v. Goodyear Tire and Rubber Co.,300 So.2d 666 (Fla. 1974). The intent of the Legislature to allow the ratification of a bargaining agreement to be completed and the appropriation to be requested after the normal budget deadlines or the commencement of the fiscal year is further seen in the following provisions of the Public Employees' Relations Act: Upon execution of the collective bargaining agreement, the chief executive shall, in his annual budget request or by other appropriate means, request the legislative body to appropriate such amounts as shall be sufficient to fund the provisions of the collective bargaining agreement . . . . (Emphasis supplied.) [See s. 447.309(2), F.S. (1974 Supp.).]
If the agreement is not ratified by the public employer or is not approved by a majority vote of employees voting in the unit . . . the agreement shall be returned to the chief executive officer and the employee organization for further negotiations. (Emphasis supplied.) [See s. 447.309(4), F.S. (1974 Supp.).] As previously indicated these statutes must be read in pari materia with s.215.425, F.S., and in so doing the legislative intent appears to have been to authorize bargaining agreements relating to wages and compensation between a teacher bargaining agent and a school board which are reached and duly ratified by the public employer and the public employees subsequent to the beginning of the contract or salary year which provide for the payment of a definite annual salary in equal monthly installments over the term of the agreement for services to be rendered thereunder.