ERVIN, Chief Judge.
Appellant, Christine Hall, appeals from a final judgment confirming an arbitration award denying her disability benefits under the terms of a group life insurance policy *712 issued by Metropolitan Life Insurance Company (Metropolitan). We affirm in part, reverse in part and remand with directions.
Hall, an employee of Monsanto Company, was insured under a Metropolitan group life insurance contract providing disability benefits if the insured becomes “totally and permanently disabled as a result of bodily injury or disease so as to be prevented thereby from engaging in any occupation or performing any work for compensation or profit.” Section B(l) of the contract provides that in the event of a dispute, the employer and employee will jointly select a physician to examine the insured employee, who will then issue an opinion binding on all parties. While the policy was in effect, Hall filed a claim for permanent total disability benefits due to a back injury suffered on the job and was instructed by Metropolitan to follow the arbitration procedure set out in section B(l). She chose instead to file an action at law. Metropolitan, by way of answer, alleged that the insurance contract provided for arbitration of disputes and moved to compel arbitration. The trial court ordered arbitration and the parties selected Dr. Snowden as arbiter. The doctor examined Hall, reviewed her medical records, the depositions of her attending physicians, and issued a report of his findings in letter form, stating in pertinent part:
[I]t is my opinion that the patient does have degenerative disc disease which is most likely post traumatic in origin. After consulting the manual for orthopedic surgeons in evaluating permanent physical impairment, published by the American Academy of Orthopedic Surgeon’s [sic], it is my opinion that the patient does have approximately 15% permanent partial loss of physical function to the whole body on the basis of persistent lumbar muscle spasm and pain substantiated by demonstrable degenerative changes in the lumbar region, by x-ray. Whether this situation could be improved by surgical intervention is, I believe, highly questionable. Although her impairment of function is not complete, it certainly would, in my opinion, preclude her returning to any type of work requiring heavy or repetitive lifting, bending, squatting, stooping or climbing. Furthermore, I do not believe that she will be able consistently to sit for more than an hour at a time without having the opportunity to get up and move about to relieve her low back. Given her age and skills, these restrictions obviously severely limit her employability.
In response to a request for a more definitive statement, Dr. Snowden wrote:
I did not intentionally “hedge” when I did not state categorically whether or not I felt she was totally and permanently disabled. As I indicated in my report, I do feel that her back problem does significantly interfere with her ability to work, in the ways that I described. Considering in addition to that, her age and skills, I would seriously question whether she is employable. However, I do not feel that her back problem alone constitutes cause for total and permanent disability as defined in her insurance policy. In my opinion, there are enough activities that she physically could perform, that some type of work for compensation should be possible. This would probably require some additional training. Whether such work is available in our community, I do not know.
Perhaps an evaluation by a trained vocational rehabilitation specialist might help in determining whether she is in fact totally and permanently disabled from any kind of work.
(e.s.) Pursuant to motion by Metropolitan, the trial court entered final judgment finding that the contents of Dr. Snowden’s letters constitute a holding in favor of Metropolitan.
Hall raises three points on appeal: (1) the contract’s arbitration clause violates the Florida Insurance Code’s provisions granting an insured’s right of access to courts; (2) the' arbitration procedure prescribed in the contract is invalid in that it does not include a provision for an evidentiary hearing, and (3) the arbiter’s reports do not *713 represent a definitive finding as to disability supporting the trial court’s final judgment.
We find no merit in appellant’s contentions as to the first two points, and, therefore, AFFIRM as to them. Regarding the first point, appellant specifically argues that she was denied access to court in that Section 627.616, Florida Statutes, provides that legal actions to enforce individual disability policies may be filed 60 days after proof of loss with the carrier, and section 627.659(4) in turn prohibits any group policy from restricting the time in which suit may be brought to a time less favorable than comparable statutory provisions governing individual policies. Accordingly, appellant continues, the arbitration clause in the Metropolitan policy must be held invalid in that it provides less favorable terms for access to courts than is required by section 627.616. We agree with appellee’s response that section 627.-659(4) is inapplicable to the policy before us—a group life insurance policy. Section 627.601(3) explicitly states: “Nothing in part VI of this chapter shall apply to or affect: ... (3) Life insurance ... contracts, or contracts supplemental thereto which contain only such provisions relating to disability insurance as: .... (b) [ojperate ... to give a ... special benefit or an annuity in the event that the insured or annuitant becomes totally and permanently disabled as defined by the contract or supplemental contract.” (e.s.) Thus it is apparent that the provisions of Hall’s life insurance contract and claim filed pursuant thereto is not governed by part VI of the Florida Insurance Code.
We reject also appellant’s second point, urging that the arbitration procedure followed was erroneous in that the policy contained no provision for an evidentiary hearing. Appellant relies upon Cassara v. Wofford, 55 So.2d 102, 106 (Fla.1951), for her position. Cassara, however, recognizes that one’s right to a hearing may be waived, “either in the agreement of submission or by conduct amounting to a waiver _” Id. at 106. Moreover, Section 682.06, Florida Statutes, prescribing the arbitration procedure, which includes provisions for a hearing, recognizes that a hearing may be waived if such condition “is otherwise provided by the agreement or provision for arbitration....”
As to appellant’s third point, we agree that Dr. Snowden’s reports do not contain, as required by the contract of insurance, a definite opinion expressing whether or not the claimant’s anatomical impairment was such as to prevent her “from engaging in any occupation or performing any work for compensation or profit.” Although the physician offers a medical opinion as to impairment, his reports fail to satisfy the need for an opinion determining whether claimant’s condition is such as to preclude her from engaging in employment as defined in the policy. In the absence of the arbiter’s opinion unequivocally addressing the issue submitted for arbitration, the trial court’s confirmation of the arbiter’s “decision” lacks an adequate foundation.
We, therefore, REVERSE and REMAND this cause with directions that the trial court require an unequivocal statement by a proper person as to whether Hall “has become totally and permanently disabled as a result of bodily injury or disease so as to be prevented thereby from engaging in any occupation or performing any work for compensation or profit.” If such statement can be better achieved following an evaluation by a trained vocational rehabilitation specialist, or some similar person, the lower court may, in its discretion, consider the feasibility of such action.
Reversed and remanded for further consistent proceedings.
BOOTH, J., concurs.
WENTWORTH, J., concurring with opinion.