551 So.2d 554 (1989)
AIR CONDITIONING EQUIPMENT, INC., John A. Willey and Dorothy C. Willey, Appellants,
v.
Silas W. ROGERS, Appellee.
Nos. 88-2402, 89-0349.
District Court of Appeal of Florida, Fourth District.
October 4, 1989.
Rehearing Denied November 17, 1989.
*555 Bruce J. Berman, P.A., Jamie A. Cole and Steven A. Zalesin of Weil, Gotshall & Manges, Miami, for appellants.
Dan B. Guernsey of Welbaum, Zook & Jones, Miami, for appellee.
STONE, Judge.
This is an appeal from a trial court order confirming an interim ruling by an arbitrator and from an order removing the case from arbitration. We reverse.
Shortly after the commencement of litigation, the parties entered into an arbitration agreement concerning their complex financial and legal relationship as partners and stockholders in various entities. Rogers had sued for damages and for equitable relief, including claims for an accounting and the declaration of a constructive trust. He alleged fraud, waste, and breach of fiduciary duties. The appellants had counterclaimed for declaratory relief. The parties agreed upon an arbitrator in their stipulation. The arbitration agreement also covered issues raised in a companion case. In accordance with the Florida Arbitration Code, Chapter 682, Florida Statutes, the trial court entered a stay of the litigation.
The arbitration proceedings went on for several years. A non-final order was entered by the arbitrator, providing, in part:
Order Re Proprietary Interest In Various Entities
SILAS W. ROGERS (Rogers) and JOHN A. WILLEY (Willey) agreed in writing to arbitration of all disputes that existed between them concerning the following business entities: Air Conditioning Equipment, Inc. (ACE); The Rogers Company, a partnership involving Rogers and Willey (The Rogers Company); Florida Heat & Power, Inc. (FHP); Fort Lauderdale Sheet Metal, Inc. (FLSM); Manufacturers Interchange, Inc. (MII) and Wm. J. Simms, Inc. (WJSI). The disputes included, among others, the proprietary interest of Rogers and Willey in the various business entities.
It was decided at a pretrial meeting that the issue of Rogers' and Willey's interest in the various entities be decided first and, thereafter, the issue as to the dollar value of the interest of Rogers and Willey in each entity would be determined. Accordingly, the evidence presented by Rogers and Willey to date has been limited to the issue of their proprietary interest in the various entities.
After summarizing the evidence, the arbitrator reached the following conclusions:
1. That Rogers owns a 50% interest in ACE.
2. That Willey owns a 50% interest in The Rogers Company.

*556 3. That Rogers and Willey each own a 50% interest in FHP, FLSM, MII and WJSI.
4. That this Order shall not be construed to determine the value of Rogers' and Willey's 50% interest in the various entities. It is not intended, nor does it necessarily follow, that the 50% proprietary interest means that Rogers and Willey are each entitled to 50% of the present value and responsible for 50% of the present liabilities of the various entities.
5. That this matter be set for hearing on the issue as to the dollar value of the interest of Rogers and Willey in each entity.
It is clear from the record that the arbitrator did not resolve the numerous ultimate issues that were before him, and that this order was not entered in anticipation that it would be submitted to the court for confirmation as an award. The arbitrator was directed by the parties and the court to conduct the additional hearings that were needed to clarify the interim ruling and to resolve the remaining issues. Eventually, a motion for disqualification and removal of the arbitrator was granted without dispute. However, instead of appointing a new arbitrator as requested by the appellants, the court, understandably frustrated by the inordinate period of time that had passed, removed the matter from arbitration and ordered the parties to submit to mediation.
The appellee asserts that the nonfinal order of the arbitrator was subject to valid confirmation by the court as it made a determination of the respective ownership interests of each party. We conclude that the trial court erred in confirming an interim ruling as an "award." See State ex rel. Gaines Construction Co. v. Pearson, 154 So.2d 833 (Fla. 1963) (arbitration awards should not be confirmed in piecemeal fashion). Section 682.12, Florida Statutes, provides:
682.12. Confirmation of an award
Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 682.13 and 682.14.
An arbitration "award", although not defined in the code, should resolve and determine all matters that have been submitted. A confirmation of an "award" that is not final is generally considered to be invalid. See Annotation, Determination of Validity of Arbitration Award Under Requirement that Arbitrators Shall Pass On All Matters Submitted, 36 A.L.R.3d 649, § 2[a] (1971). This rule is subject to several qualifications and exceptions. An incomplete "award" may be validly confirmed where the omitted matters are found to be severable and are sufficiently independent of the matters determined in the order:
The courts in some cases seem to have recognized that although in general an award is invalid if the arbitrators fail to pass on all matters submitted, an award which does not do so nevertheless may be upheld if the matters not awarded on are independent and severable from those which were awarded on, at least if the agreement appears to make allowance for such a partial award. The extent to which the rule actually has any independent viability, apart from general principles of contractual interpretation of the arbitration submission, is questionable, and it is to be noted that to whatever extent the rule may be said to be recognized in the following cases, they all hold it inapplicable in the particular circumstances, in any event.
Id. at 4[f] (footnote omitted).
Here, the arbitrator's order was not subject to confirmation by the court as it left unresolved numerous interrelated issues, and did not contain within its terms an objective formula for adequately disposing of them. See State ex rel. Gaines Construction Co. v. Pearson; Hall v. Metropolitan Life Ins. Co., 454 So.2d 711 (Fla. 1st DCA 1984).
In Pearson the issues directly before the supreme court were procedural, concerning the appealability of an order that confirmed *557 an interlocutory award. However, the court specifically noted that the arbitrator in that case had resolved the fact issues and had established a method for ascertaining the final award. The court did not delineate the exceptional circumstances under which confirmation of a nonfinal award might be upheld in this state, but it clearly expressed disapproval of confirmation of such orders other than in exceptional circumstances, saying:
We think the provisions of Sec. 57.10-31, F.S.A., which constitute the "Florida arbitration code," intend that an award of an arbitrator should settle and adjudicate all issues in dispute rather than dispose of them in piecemeal fashion. Where the dispute involves a claim of money as in this case the award should finally determine the amount due between the parties. While it may well be necessary during the course of the arbitration that the arbitrator make rulings and establish a formula to guide the parties and himself in reaching an award it would be more consonant with their preliminary import if such interlocutory determinations were not filed in the trial court as an award, but withheld for incorporation in the award when it is made and filed.
Id. at 836.
Once the parties agreed to submit to arbitration, the code limits the authority of the court to interfere in the process prematurely. Here, not only was the order not final, it was also confusing and incomplete as to its intended impact on the ultimate issues. The unresolved issues were not severable and were not independent of those addressed. Nor can it be determined from the arbitrator's order what the final result would be nor how it would be resolved.
The appellee asserts that the confirmation should be upheld in any event because the appellants did not move to vacate the arbitrator's order within 90 days. See §§ 682.13, 682.14, Fla. Stat. However, there was no need for appellants to do so from a patently interlocutory ruling. The order could hardly be considered as other than interlocutory where the court, prior to the disqualification, and the appellee as well, anticipated that further arbitration proceedings would be held.
Additionally, the trial court had no authority under the arbitration code to remove the matter from arbitration. Rather, the court should have granted the request for the appointment of a successor arbitrator pursuant to section 682.04, Florida Statutes.
Therefore the order confirming arbitration is reversed. Upon remand a successor arbitrator is to be designated. Unfortunately, it will be necessary that the arbitration commence de novo due to the lack of certainty in the interim order, and considering that the unresolved issues and those previously addressed are so enmeshed and intertwined that there is no alternative.
DELL, J., and FRANK, RICHARD H., Associate Judge, concur.