GLICKSTEIN, Judge.
Turner Construction Company was the defendant, counterclaimant and cross-claimant in the trial court and is appellant here. H & S Forming of South Florida, Turner’s subcontractor, was the plaintiff and counterdefendant and is an appellee. The other appellee is Citibank Florida, N.A., the cross-defendant in the trial court.
Appellant’s motion for summary judgment against the bank on the letter of credit it had issued on H & S’s order for *1037 Turner’s benefit was denied; so all of the parties agreed to have the issues resolved by the American Arbitration Association.
Unfortunately, the three arbitrators only ruled on the dispute between Turner and H & S, and directed H & S to pay Turner $99,050, plus interest, although the parties agree that there was testimony before the arbitrators on this issue. The arbitrators’ award then said:
There is no ruling on the issue of the letter of credit regarding Respondent, CITIBANK FLORIDA, NA AS SUCCESSOR TO CARIBANK.
While the trial court entered final judgment in favor of Turner for the amount of award and attorneys’ fees, it denied Turner’s motion to appoint successor arbitrators at the time it entered final judgment without an expression as to its reasons for denying the motion.
We agree with appellant that it was error for the trial court not to appoint successor arbitrators, which procedure this court discussed in Air Conditioning Equip., Inc. v. Rogers, 551 So.2d 554 (Fla. 4th DCA 1989), and upon which procedure appellant relied in the trial court, abandoning its previous motion to have the trial court complete the arbitrators’ job. See § 682.04, Fla.Stat. (1987).
We disagree with appellant’s position that it was entitled to summary judgment against the bank on the letter of credit.
Accordingly, we reverse the trial court’s order which denied the appointment of successor arbitrators and remand with direction that successor arbitrators be appointed; and we affirm the trial court’s order denying summary judgment against the bank.
DOWNEY, J„ and WESSEL, JOHN D., Associate Judge, concur.