PER CURIAM.
Petitioner Gatsby Spas, Inc. (hereafter Gatsby) seeks certiorari review of a circuit court order which returns a pending civil action to county court. We treat the petition as one seeking a writ of manda *569 mus. See, e.g., State ex rel. Gaines Construction Co. v. Pearson, 154 So.2d 833 (Fla.1963).
The initial complaint was filed in county court by the respondent Douglass Screen Printers, Inc. (Douglass). Douglass sought to recover approximately $1,800 allegedly due under a sales contract. The action was transferred to circuit court when Gatsby, in a counterclaim, claimed entitlement to damages exceeding the circuit court jurisdictional threshold. The order returning the case to county court finds that “the alleged counterclaim is attempting to claim damages in tort for breach of contract without some conduct resulting in personal injury or property damage over and above the contractual breach.” See AFM Corp. v. Southern Bell Telephone & Telegraph Co., 515 So.2d 180 (Fla.1987); Florida Power & Light Co. v. Westinghouse Electric Corp., 510 So.2d 899 (Fla.1987).
We agree with Gatsby that the circuit court’s reliance on these cases was misplaced. Gatsby’s counterclaim does not attempt to assert a separate tort claim, but instead seeks “consequential damages arising from respondent’s ... breach of contract and breach of warranty.” See section 672.715, Florida Statutes (1991). Accordingly, we grant the petition and direct the circuit court to resume jurisdiction over this case. In so doing we express no opinion as to the merits of the dispute between the parties.
Petition granted.
SCHOONOVER, A.C.J., and PATTERSON and BLUE, JJ., concur.