703 So.2d 1066 (1997)
CITY OF TALLAHASSEE, Florida, Appellant,
v.
BIG BEND PBA and Tom Maureau, Appellees.
No. 97-863.
District Court of Appeal of Florida, First District.
June 24, 1997.
*1067 Lewis Shelley, Tallahassee, for appellant.
David Brooks Kundin, Tallahassee, for appellees.

ORDER ON JURISDICTION
PER CURIAM.
This cause is before us on appeal from an order of the trial court confirming an arbitrator's award pursuant to section 682.13(4), Florida Statutes (1995), without entering judgment thereon. Because it appeared that the order appealed from was not a final, appealable order, this court ordered appellant, the City of Tallahassee, to show cause why the appeal should not be dismissed as from a non-final, nonappealable order. Having considered the responses of appellant and appellees, we hold that the order is not final and not appealable. Under the unique circumstances of this case, we grant appellant thirty (30) days to obtain and file a final order with this court.[1]
In response to our show cause order, appellant raises a perceived inconsistency between sections 682.15 and 682.16, Florida Statutes (1995) and section 682.20(1)(c), Florida Statutes (1995). Sections 682.15 and 682.16 require that a judgment be entered on an order confirming an arbitration award; whereas, section 682.20(1)(c), Florida Statutes (1995) provides that an appeal may be taken, "in the manner and to the same extent as from orders or judgments in a civil action," from "[a]n order confirming ... an [arbitration] award." (Emphasis supplied).
Appellees, the Big Bend Police Benevolent Association and Mareau, also filed a response to the show cause order. In it, they argue that the order appealed from is final and appealable, citing State ex. rel. Gaines Construc. Co. v. Pearson, 154 So.2d 833 (Fla. 1963). They urge that the appeal not be delayed.
Pearson involved an appeal from an order confirming a nonfinal determination of an arbitrator.[2] The arbitrator in that case had *1068 not completed his work, but had entered an interlocutory report determining "several of the factual issues necessary to determination of the amount due" and establishing "the method by which it would be ascertained."
As set forth in the Pearson opinion, the arbitration code contained, at that time, a provision that "[a]n appeal may be taken from ... [a]n order confirming or denying confirmation of an award." 154 So.2d at 836. The court in Pearson interpreted this language as clearly authorizing appeals "not only from a judgment or decree entered by the court on an arbitrator's award, but also from various other orders entered in such proceedings which orders are in the usual sense not final judgments or orders." Id. (Emphasis supplied). In finding that the trial court's interlocutory order confirming the report was appealable, the court observed that "[i]t seems obvious that the only timely way of obtaining review of the correctness of the issues decided in the report of `Findings and Award' was by appeal of the order of the trial court which confirmed the report of the arbitrator." Id.
Here, in contrast, the arbitrator's award is not interlocutory. Thus, the Pearson rationale does not apply.
Even if it did, however, after the 1977 amendments to the Florida Rules of Appellate Procedure, Pearson cannot be read as authorizing appeals of non-final orders not otherwise incorporated in Rule 9.130, Florida Rules of Appellate Procedure.[3] The arbitration statute provides that orders confirming final awards are only appealable "in the manner *1069 and to the same extent as from orders or judgments in a civil action." § 682.20(2), Fla. Stat. (1995). Here, pursuant to the Rule 9.130, Florida Rules of Appellate Procedure, the order appealed from is not an appealable, non-final order.
Nor is it an appealable, final order. For an order to be deemed "final," the traditional test for determining finalitythat the order reflects an end to judicial labormust be met. See generally Carlton v. Wal-Mart Stores, 621 So.2d 451, 452 (Fla. 1st DCA 1993)(observing that "a final decree marks the end of judicial labor," and applying finality test: "whether the case is disposed of by the order and whether a question remains open for judicial determination"). Here, the arbitration statute clearly anticipates that, following confirmation of an award, additional judicial work (i.e., entry of a judgment) will occur. § 682.15, Fla. Stat. (1995).
Thus, if an order confirming a final arbitration award does not contain additional words of finality sufficient to show an end to judicial labor and reflect that it is a "judgment," it is not an appealable, final order. Cf. Allstate Ins. Co. v. Collier, 405 So.2d 311 (Fla. 4th DCA 1981)(order which provided that "Defendant's motion for final summary judgment is hereby granted that the plaintiff take nothing by the suit and go hence without day" was final, appealable order; use of additional language "lends the necessary unequivocal declaration of finality that will support an appeal"), citing Catchings v. Florida-McCracken Concrete Pipe Co., 101 Fla. 792, 135 So. 561 (1931) and Baker v. Colley, 104 So.2d 473 (Fla. 2d DCA 1958). Because the order appealed from in this case lacks such words of finality, it is not a final, appealable order.
"Lest this be taken as paying homage to form over substance, we note that the question is one of jurisdiction." Bonura v. Holloway, 334 So.2d 842, 844 (Fla. 4th DCA 1976)(holding that "immaterial amendments to orders and judgment, interlocutory or final" cannot "extend the time for appeal"). The court does not have jurisdiction to review by appeal non-final orders in civil cases, except as authorized by Florida Rule of Appellate Procedure 9.130. Cf. Buonopane v. Ricci, 603 So.2d 713, 714 (Fla. 4th DCA 1992)(appellate courtin finding that trial court lacked jurisdiction to enforce settlement agreement not submitted for trial court approval upon dismissal of appellees' tort action with prejudiceobserved that, "[a]lthough we may appear to some degree to be putting form over substance, we emphasize that we are not free to vest courts with jurisdiction out of the blue"). Nor can the legislature create, by statute, a right to appeal from non-final orders not enumerated in Rule 9.130. Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So.2d 730, 732 (Fla.1991). To the extent that section 682.20(1)(c) could be construed to create such a right, it would be invalid.
Appellant has requested thatin the event the order appealed from is determined to be nonappealableit be granted an additional thirty (30) days within which to obtain and file a final judgment. As noted, the motion for extension of time to respond to the show cause order is granted. See Fla. R.App. P. 9.110(m). Appellant shall have thirty (30) days from the date of this order within which to obtain a final judgment, and file a copy with this court. Failure to do so will result in dismissal of the appeal.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] In granting the appellant additional time to obtain a final order, we are not receding from our opinion in Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA 1995). In Benton, we determined that, "[i]n the absence of some exceptional circumstance," the "proper exercise of our discretion in this and most cases in this posture is dismissal of the appeal at the time this court is called upon to resolve the jurisdictional issue unless a final order has been rendered by the trial court in the interim." The facts of this case present such an "exceptional circumstance," warranting a departure from the usual outcome.
[2] Under present case law, it is questionable whether an incomplete arbitration "award" may validly be confirmed. Compare Ainsworth v. Schoen, 606 So.2d 1275, 1277 (Fla. 3d DCA 1992)(where record on appeal contained conflicting testimony regarding finality of arbitration decision, appellate court reversed and remanded order confirming arbitration award for further proceedings in which trial court would determine, after weighing conflicting testimony, whether award was "final and thus subject to confirmation") and Hall v. Metropolitan Life Ins. Co., 454 So.2d 711 (Fla. 1st DCA 1984)(in reversing order confirming arbitration determination which failed to resolve definitive medical question of claimant's disability, this court observed that, "[i]n the absence of the arbiter's opinion unequivocally addressing the issue submitted for arbitration, the trial court's confirmation of the arbiter's `decision' lacks an adequate foundation") with Air Conditioning Equipment, Inc. v. Rogers, 551 So.2d 554, 556 (Fla. 4th DCA 1989)(trial court erred in confirming arbitrator's interim ruling as an "award;" incomplete arbitration award may only be confirmed where "the omitted matters are found to be severable and are sufficiently independent of the matters determined in the order"), citing State ex rel. Gaines Construction Co. v. Pearson, 154 So.2d 833 (Fla. 1963). As stated in the Rogers opinion:

An arbitration "award", although not defined in the code, should resolve and determine all matters that have been submitted. A confirmation of an "award" that is not final is generally considered to be invalid. See Annotation, Determination of Validity of Arbitration Award Under Requirement that Arbitrators Shall Pass On All Matters Submitted, 36 A.L.R.3d 649, Sec. 2[a] (1971).
551 So.2d at 556. Indeed, appellees cite Rogers for the proposition that interlocutory arbitration awards are not appealable, and are not subject to judicial confirmation "in piecemeal fashion."
[3] Traditionally, where the Florida Supreme Court, in deciding a particular case, adopts a new rule of appellate procedure, a formal amendment to the Florida Rules of Appellate Procedure follows. See, e.g., Tucker v. Resha, 648 So.2d 1187 (Fla.1994)(in holding that "an order denying summary judgment based upon a claim of qualified immunity is subject to interlocutory review to the extent that the order turns on an issue of law," the Florida Supreme Court indicated that this would "require a change in the Florida Rules of Appellate Procedure," and requested the Florida Bar Appellate Court Rules Committee "to submit a proposed amendment that will address the rule change mandated by this decision;" Fla. R.App. P. 9.130(3)(C)(viii) was subsequently proposed and adopted); Mandico v. Taos Const., Inc., 605 So.2d 850 (Fla.1992)(amending, effective as of the date of that opinion, Rule 9.130(a)(3)(C), Florida Rules of Appellate Procedure, to make appealable non-final orders which determine "(vi) that a party is not entitled to workers' compensation immunity as a matter of law"). See also Canal Ins. Co. v. Reed, 666 So.2d 888 (Fla.1996)(in ruling that declaratory judgments determining insurance coverage are immediately appealable as final orders, the Florida Supreme Court suggested "that the Appellate Court Rules Committee consider an appropriate method for providing expedited review of these cases to avoid unnecessary delays in the final resolution of the underlying actions;" Fla. R.App. P. 9.110(n)allowing for review of such orders as either final or non-finalwas subsequently proposed and adopted). Here, in the 1977 amendments to the Florida Rules of Appellate Procedure, the Florida Supreme Court did not include a provision making appealable those non-final orders not otherwise encompassed by Rule 9.130. To the extent that Pearson might formerly have been cited as providing a basis for appellate review, it no longer appears to support such an argument; thus, we are not obligated to follow it. Cf. Herrell v. Seyfarth, Shaw, Fairweather & Geraldson, 491 So.2d 1173, 1175 (Fla. 1st DCA 1986)("The rule is well established that in the absence of constitutional, or statutory authority reflecting a change in the common law, a district court of appeal is not empowered to overrule controlling precedent of the Florida Supreme Court"), citing Hoffman v. Jones, 280 So.2d 431, 434 (Fla.1973); Shands Teaching Hospital and Clinics, Inc. v. Smith, 480 So.2d 1366 (Fla. 1st DCA 1985).