859 So.2d 1209 (2003)
TENET HEALTHCARE CORP., a Nevada corporation; FMC Hospital, Ltd., a Florida limited partnership; Bone Marrow/Stem Cell Transplant Institute, Ltd., a Florida corporation, Appellants,
v.
Dipnarine MAHARAJ, M.D.; and Stem Cell Inc., a Florida corporation, Appellees.
No. 4D03-3752.
District Court of Appeal of Florida, Fourth District.
October 29, 2003.
*1210 Alan D. Lash, Justin C. Fineberg and Lorelei J. Van Wey of Lash & Goldberg LLP, Miami, for appellants.
James W. Beasley, Jr., Robert J. Hauser and Patricia A. Leonard of Beasley & Hauser, P.A., West Palm Beach, for appellees.

ON MOTION TO DISMISS
FARMER, C.J.
This attempted appeal arises from our decision in Tenet Healthcare Corp. v. Maharaj, 787 So.2d 241 (Fla. 4th DCA 2001). There we held that the agreement between the parties requires the controversy to be settled by arbitration. During the course of the ensuing arbitration proceedings, the arbitrator ordered appellants to produce a certain document. Appellants in turn sought review of the arbitrator's order in the circuit court. Appellees asked the circuit court to dismiss the attempt on the grounds that the arbitrator's discovery orders were unreviewable. The circuit court agreed with appellees and dismissed the attempt. Appellants then filed the present appeal.
Appellees now seek to have this appeal dismissed, again arguing that the arbitrator's decision is not reviewable. We read appellees' motion effectually to seek enforcement of our Mandate from the prior appeal requiring the entire matter to be arbitrated, not litigated in court. In response to this motion, appellants argue that all they have done is to seek conventional review of a trial court's order concluding that it lacks jurisdiction and that such orders have been widely understood to be subject to review by appeal. See Art. V, § 4(b)(1), Fla. Const., and Fla. R.App. P. 9.030(b)(1)(A).
We disagree with appellants. First, the order of the arbitrator for which appellants seek judicial review is an order compelling production of a document, a routine discovery order. Appellants argue that the arbitrator erred in compelling production of the document because, they claim, it is covered by the attorney/client privilege. They presented their privilege claim to the arbitrator, who rejected it. Nothing they have cited would allow for judicial review of such a discovery decision by an arbitrator.
The Florida Arbitration Code authorizes an arbitrator to order discovery. Section 682.08 explicitly allows the arbitrator to *1211 compel production of documents and to issue subpoenas for that purpose. § 682.08, Fla. Stat. (2003). The statute provides for enforcement of such subpoenas "in the manner provided by law," but it says nothing about judicial review of arbitrator orders compelling discovery. Similarly, although section 682.20 provides for some judicial review in arbitration cases, it carefully limits such review to specified final decisions, none of which include review of discovery orders. § 682.20, Fla. Stat. (2003). We take that silence to represent a decision not to provide for such review.[1]
We note the anomaly appellants' argument would create. In ordinary civil litigation, there is no right of appeal of discovery orders; any review is discretionary and subject to severe limitations. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987) (nonfinal discovery order, for which no appeal is provided, will be reviewed by certiorari only where order departs from essential requirements of law and causes material injury to petitioner throughout remainder of the proceedings below, effectively leaving no adequate remedy on appeal). But arbitration is an alternative to court proceedings, in which the parties have elected to forego the usual civil proceduresincluding, for example, discovery and the rules of evidencein favor of a swifter, less expensive resolution of their disputes. Appellants' position in this case would introduce a judicial remedy into arbitration discovery disputes that does not exist even in civil cases. While we recognize that certiorari is sometimes granted in civil cases to review discovery orders affecting privileged matters, a party to an arbitration agreement could plausibly argue that it was precisely to avoid this kind of judicial intervention that the parties chose arbitration. As we held some years ago, "[o]nce the parties agree[ ] to submit to arbitration, the code limits the authority of the court to interfere in the process prematurely." Air Conditioning Equip., Inc. v. Rogers, 551 So.2d 554, 557 (Fla. 4th DCA 1989).
Appellants strive to support their position with State ex rel. Gaines Constr. Co. v. Pearson, 154 So.2d 833 (Fla.1963). We think their contended interpretation of Pearson would vastly overreach its essential holding. Pearson simply recognized final review as to decisions that decide the essential claim of right even though they technically seem to leave something else unresolved. Pearson does not purport to expand court intervention into arbitration cases. In fact it emphasizes the narrow basis for such intervention.
In Pearson the order did not itself determine the amount due, but specified the formula to ascertain that amount. Pearson regards such an outcome as final enough for review. As we noted in Rogers, Pearson "clearly expressed disapproval of confirmation of such orders other than in exceptional circumstances." 551 So.2d at 557. Judicial intervention to review discovery orders would greatly disrupt the primacy of the arbitration process. We certainly do not read Pearson to allow review of discovery orders in arbitration.
The trial court order in this case was manifestly not a conventional order determining subject matter jurisdiction.[2] In *1212 fact the court was simply enforcing our Mandate that the arbitration of this controversy should proceed to a final result. Appellants are not entitled to review of the trial court's refusal to intervene in the arbitration discovery order.
APPEAL DISMISSED.
KLEIN and GROSS, JJ., concur.
NOTES
[1] Rule 9.130(a)(3)(C)(iv) does allow for appellate review in arbitration cases but only as to the essential issue whether a party is entitled to arbitration. See A.G. Edwards & Sons, Inc. v. Wilson, 523 So.2d 1150 (Fla. 2d DCA 1987) (party is entitled to interlocutory review on issue of entitlement to arbitration, but not in circumstances where issues relate to collateral matters).
[2] The jurisdiction of the circuit court and this court to address the discovery issue here does not deal with subject matter jurisdictionat least not in the ordinary sense. When parties agree to arbitration, they do not thereby attempt to oust the courts of their proper jurisdiction. Rather, they merely specify a non judicial forum to resolve their dispute. In enforcing their agreement, courts are merely upholding the contractual remedy, not passing on their own subject matter jurisdiction.