DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOMAR PROPERTIES, L.L.C.,** and **ACCREDITED SURETY AND CASUALTY COMPANY, INC.,**
Appellants,

v.

**BAYVIEW CONSTRUCTION CORPORATION,**
Appellee.

No. 4D13-2159

[January 14, 2015]

Appeal and cross-appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Mirman, Judge; L.T. Case No. 432007CA000865.

Raymond M. Masciarella, II of Raymond M. Masciarella, P.A., North Palm Beach, for appellants.

Jon D. Derrevere and Shirley Jean McEachern of Derrevere, Hawkes, Black & Cozad, West Palm Beach, for appellee.

WARNER, J.

Appellants challenge a final judgment based upon an arbitration award. They claim that the arbitrator showed evident partiality based upon comments by the arbitrator at the hearing. Further, they maintain that because the appellee sought confirmation of the award prior to the determination of pre-award interest, the arbitrator lost jurisdiction to make a further award of interest. Both parties challenge the trial court's award of attorney's fees, the appellant claiming that the award was not supported by evidence of the reasonableness of the fees and the appellee claiming that the court improperly reduced the award. Finally, the appellee claims that the calculation of the award of prejudgment interest was in error. We affirm on all issues.

Appellant, Jomar, hired appellee, Bayview, to manage the construction of a gym on Jomar's property. After a dispute arose, Bayview sued Jomar for breach of contract and to foreclose a construction lien of over one million dollars. Jomar filed various counterclaims, including for breach of

contract and fraudulent lien. By contract, the parties had agreed to arbitrate disputes. After a lengthy evidentiary hearing, the arbitrator made an award of damages to Bayview, reserving jurisdiction to award interest, as well as attorney's fees, to Bayview.

Before the arbitrator heard the claims regarding interest and attorney's fees, Jomar filed a motion in the circuit court to vacate the award, based upon its claim that the arbitrator showed evident partiality in comments made at the evidentiary hearing. Although Bayview maintained that the motion was premature, it still moved to confirm the award as a precaution.

While these motions were pending in the circuit court, the arbitrator held a hearing on Bayview's motion for pre-award interest. Two days later, the circuit court held a hearing on Jomar's motion to vacate. The circuit court ruled first, denying Jomar's motion to vacate and granting Bayview's motion to confirm. After the court had confirmed the arbitration award, the arbitrator entered a further order awarding interest to Bayview. Jomar challenged this order in the circuit court, claiming that the arbitrator had lost jurisdiction to add interest after the circuit court had confirmed the original award. The circuit court disagreed and included the pre-award interest in the final judgment.

As to attorney's fees, the arbitrator ruled that Bayview was entitled to fees as the prevailing party, but the parties agreed to dispense with arbitration as to the amount of fees. The trial court conducted a hearing to determine the amount of fees to be awarded to Bayview. Prior to the hearing, the parties entered into a stipulation providing, in relevant part: "Although Jomar disputes the reasonableness of Bayview's attorney's fees, Jomar waives the requirement that Bayview be required to call an expert witness to testify with regards to the reasonableness of Bayview's attorney's fees." The trial court held an extensive hearing on the issue, and the attorneys for Bayview testified as to their hourly rates as well as the number of hours spent litigating this contentious case. One testified that the firm's hourly rates were generally within the standard rates charged for construction litigation in South Florida.

Another dispute involved the award of interest between the time of the arbitration award and the entry of the final judgment. Bayview submitted several methods of calculating the interest, none of which it now advocates on appeal. In its final judgment, the court included post-award interest but not of the amount Bayview now seeks on appeal. From this final judgment, Jomar appeals the initial arbitration award, Bayview appeals the post-award interest, and both parties cross-appeal the attorney's fee award.

Jomar's claim that the arbitrator's comments at the hearing on arbitration showed evident partiality under section 682.13(1)(b), Florida Statutes (2008), is without merit. Under *RDC Golf of Florida I, Inc. v. Apostolicas*, 925 So. 2d 1082 (Fla. 5th DCA 2006), the standard for determining "evident partiality" is whether there was a "reasonable impression of partiality." *Id.* at 1095. We have reviewed the arbitrator's comments and conclude that they do not show any partiality. During the proceedings the arbitrator was trying to understand the parties' positions and asked several questions in that regard. The arbitrator's remarks were an allowable comment on the evidence and/or sought clarification of a party's position. *See Boyhan v. Maguire*, 693 So. 2d 659, 662-63 (Fla. 4th DCA 1997). We do not understand the comments of the arbitrator as giving "tips" to one side.

In its second claim, Jomar argues the arbitrator exceeded his powers by awarding interest to Bayview after the trial court had confirmed the arbitrator's previous award under section 682.12, Florida Statutes (2010). Section 682.13(1)(c), Florida Statutes (2010), provides an arbitration award shall be vacated when "[t]he arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers." Because the arbitrator lost jurisdiction, according to Jomar, the award could not be amended to include pre-award interest. We reject Jomar's position.

In *Air Conditioning Equipment, Inc. v. Rogers*, 551 So. 2d 554 (Fla. 4th DCA 1989), a trial court confirmed an arbitration award even though an arbitrator's award contemplated further determination on the issues presented in arbitration. On appeal, we held that the trial court's confirmation of that award was invalid. "An arbitration 'award', although not defined in the code, should resolve and determine all matters that have been submitted. A confirmation of an 'award' that is not final is generally considered to be invalid." *Id.* at 556. *See also City of Tallahassee v. Big Bend PBA*, 703 So. 2d 1066, 1067 n.2 (Fla. 1st DCA 1997). Here, as in *Rogers*, the arbitrator's award was not complete, because the arbitrator had reserved on the question of interest. The trial court's confirmation of that award was invalid, and the court clearly recognized that the arbitrator had not completely resolved the issues presented to him. Thus, the court's premature order confirming the award did not deprive the arbitrator of jurisdiction to determine the interest issue.

Jomar next attacks the award of attorney's fees, on the ground that Bayview had not established the market rate relative to the hourly rate charged by associates and paralegals in one of the law firms representing

3

Bayview.[1]    Jomar cites to *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988), for the proposition that in proving attorney's fees the proponent must offer evidence of the prevailing market rate in the community for the legal services. According to Jomar, *Norman* stands for the proposition that a lawyer's own testimony as to the reasonableness of his or her own fees is insufficient. We have explained, however, "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Smith v. Sch. Bd. of Palm Beach Cnty.*, 981 So. 2d 6, 9 (Fla. 4th DCA 2007) (quoting *Norman*, 836 F.2d at 1299) (emphasis added). "Perhaps the strongest and best evidence of an attorney's market rate is the hourly rate he/she charges clients." *Id.*

In any event, Jomar stipulated that Bayview was not required to provide expert evidence as to the reasonableness of its attorney's fees. We think anyone would conclude that meant that Bayview did not have to provide independent evidence of the prevailing market rates for the lawyers, associates, and paralegals working on the case. Moreover, when Bayview sought to introduce testimony of its lawyers as to the rates they charged other clients, Jomar objected that such evidence was irrelevant, contrary to its position in this appeal. Nevertheless, the main partner in charge of Bayview's representation was allowed to testify as to the firm's rates charged to other clients. Finally, he also testified that his firm's rates were typical of the rates charged in South Florida for construction litigation. Jomar did not provide any counter evidence. The evidence presented was adequate to conclude the reasonableness of the rates charged by the associates and paralegals. The trial court did not err in using the hourly rates charged by the law firms in calculating a reasonable fee.

On cross-appeal, Bayview challenges the trial court's reduction of the lodestar amount in determining a reasonable attorney's fee. An award of attorney's fees should not be reversed absent a clear abuse of discretion. *DiStefano Const., Inc. v. Fid. & Deposit Co. of Md.*, 597 So. 2d 248, 250 (Fla. 1992).

While Bayview prevailed on the liability issues on all of its claims, it recovered substantially less damages than it had sought. The trial court took these results into consideration in its thirteen-page order determining the amount of the reasonable fee.

---

[1] We would note that the fees charged by the paralegals and the lawyers in the firm ranged from $90 for the paralegals to $300 for the partner, rates which the trial court (and we) characterize as low.

In *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), the Florida Supreme Court held that, once the trial court determines the "lodestar" amount for attorney's fees, the court "may add or subtract from the fee based upon . . . the 'results obtained.'" 472 So. 2d at 1151. The court explained:

> The "results obtained" may provide an independent basis for reducing the fee when the party prevails on a claim or claims for relief, but is unsuccessful on other unrelated claims. When a party prevails on only a portion of the claims made in the litigation, the trial judge must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims. In adjusting the fee based upon the success of the litigation, the court should indicate that it has considered the relationship between the amount of the fee awarded and the extent of success.

*Id.* at 1151. Bayview argues that "limited success" in *Rowe* means obtaining an award or relief on some claims but losing other claims, not obtaining a smaller monetary award than requested at trial (or arbitration). Because Bayview prevailed on all claims, but did not recover all of the damages it sought, Bayview argues it was improper for the trial court to reduce its fees under this factor.

We conclude, however, that the "results obtained" pursuant to *Rowe* allows the court to consider an analysis of the limited amount of the recovery. *See, e.g., Shipwatch Dev. Corp. v. Salmon*, 646 So. 2d 838, 839 (Fla. 1st DCA 1994) ("As the prevailing party, [the contractor] is entitled to attorney's fees under section 713.29, Florida Statutes (1991). The court erred, however, by not adjusting the lodestar fee based on the extent of success achieved by counsel for [the contractor]."); *Fashion Tile & Marble, Inc. v. Alpha One Constr. & Assocs., Inc.*, 532 So. 2d 1306, 1309 (Fla. 2d DCA 1988) (although "[a] prevailing party should not be punished merely for failing to recover the entire amount which was claimed in good faith to be due[,] . . . the trial court may consider the result obtained by the verdict in terms of the potential damages available," and may "consider the amount recovered with the amount claimed"). *See also James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1353-54 (S.D. Fla. 2007) (discussing cases where lodestar amount was reduced due to limited results obtained). Here, the trial court did not take a rigid approach in reducing the lodestar but undertook the type of flexible, equitable analysis

envisioned by the supreme court in *Rowe*. The reduction in the lodestar based on the limited recovery by Bayview was not an abuse of discretion.

Finally, we do not consider Bayview's claim that the trial court erroneously calculated the post-award interest, as it failed to properly preserve this claim.

For the foregoing reasons, we affirm the trial court's judgment.

TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***