155 So.2d 855 (1963)
SOUTHEASTERN TITLE AND INSURANCE COMPANY, Appellant,
v.
Patricia Ann CURTIS, a minor, by her mother and next friend, Esther Brown, and Esther Brown, individually, Appellees.
No. 62-704.
District Court of Appeal of Florida. Third District.
August 27, 1963.
Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellant.
Edward L. Walton, Miami, for appellees.
Before CARROLL, PEARSON, TILLMAN, and HENDRY, JJ.
PER CURIAM.
We are presented with an appeal from an order denying a motion to dismiss a complaint at law. The appellant apparently recognizes that there is no provision for appeal from interlocutory orders at law except those relating to venue and jurisdiction over the person (Rule 4.2, Florida Appellate Rules, 31 F.S.A.), but urges that the provisions of § 57.29(1) (a) permit an appeal in this instance. Chapter 57 of the Florida Statutes (the Florida Arbitration Code), F.S.A. establishes the right of, and procedure for, arbitration and authorizes appeals from certain orders not otherwise appealable.[1] *856 See State ex rel. Gaines Construction Co. v. Tillman Pearson, Fla. 1963, 154 So.2d 833.
The plaintiffs in the instant case filed a complaint at law upon a policy of insurance containing protection against an uninsured motorist. The portion of the policy providing this coverage contained a provision for arbitration. The policy was made an exhibit of the complaint.
The defendant-insurance company made its motion to dismiss the complaint upon the sole ground that "The contract attached to plaintiffs original complaint provides that all claims brought for damages under Part IV, Protection Against Uninsured Motorists, shall be settled by arbitration in accordance with the rules of the American Arbitration Association". The motion concluded with the request that the court dismiss the amended complaint and require the plaintiff to exhaust her remedies in arbitration. It would appear that the defendant construed the order denying the motion to dismiss as an order denying an application to compel arbitration under § 57.12 of the Florida Statutes, and this appeal followed.
We think that the order appealed is not an order denying an application to compel arbitration; and that since it is not, this Court lacks jurisdiction to consider the appeal from an interlocutory order at common law. There is nothing in this record to indicate that the appellant-insurance company has made an application to the court for an order directing the parties to proceed with arbitration in accordance with the contract. If the defendant wishes to arbitrate, it should initiate action in this direction.
The complaint at law in this case is such that it states a cause of action unless the plaintiff is barred from prosecuting it because of the defense that arbitration is a prerequisite to an action on the contract. If this be true, the defense is one which should be presented in the answer. [See Florida Rule of Civil Procedure 1.11(b), 30 F.S.A.] Fletcher v. Williams, Fla.App. 1963, 153 So.2d 759.
Accordingly, the appeal is dismissed.
NOTES
[1] Florida Statute, § 57.29 F.S.A. provides:

"57.29 Appeals
"(1) An appeal may be taken from:
"(a) An order denying the application to compel arbitration made under § 57.12;
"(b) An order granting an application to stay arbitration made under § 57.12(2)-(4).
"(c) An order confirming or denying confirmation of an award;
"(d) An order modifying or correcting an award;
"(e) An order vacating an award without directing a rehearing; or
"(f) A judgment or decree entered pursuant to the provisions of this law.
"(2) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action."