PER CURIAM.
The petition for writ of certiorari to review the non-final order disposing of the petitioners' motions to dismiss the third-party complaint and to strike is granted. Although the petitioners’ motion did not expressly request an order compelling respondent Foshee Enterprises, Inc., to arbitrate the third-party claim as provided in the contract between the parties, the court below apparently treated the motion as including such a request, for the order granted the third-party defendants, Wendell A. Davidson and Mary C. Davidson, “leave to commence arbitration proceedings, provided that a notice of demand for arbitration shall be filed with the defendant and third-party plaintiff, Foshee Enterprises, Inc., and with the American Arbitration Association within thirty (30) days from the entry of this order.” The order departed from the essential requirements of law in placing the burden of initiating the arbitration proceeding on these third-party defendants. Accordingly, we vacate this portion of the order without prejudice to the right of said third-party defendants to file a proper motion to compel Foshee Enterprises, Inc., to arbitrate the subject matter of said third-party claim pursuant to section 682.03, Florida Statutes (1981). In the event a proper motion is filed, the third-party action as to the Davidsons shall be stayed in accordance with the procedure specified in section 682.03 pending final disposition of the arbitration proceeding. Compare Schulman Investment Co. v. Olin Corp., 458 F.Supp. 186 (S.D.N.Y.1978) with Post Tensioned Engineering Corp. v. Fairways Plaza Assoc., 429 So.2d 1212 (Fla.3d DCA 1983), and Miller Construction Co. v. First Baptist Church of Live Oak, 396 So.2d 281 (Fla. 1st DCA 1981).
The order under review is in all other respects AFFIRMED.
JOANOS, THOMPSON and ZEHMER, JJ., concur.