DANAHY, Chief Judge.
The appellants filed in the trial court a motion to compel arbitration. The trial judge entered orders granting the appellants’ motion, thus determining that the appellants are entitled to arbitration. In his orders, the trial judge also directed that the appellants initiate arbitration proceedings before the American Arbitration Association within a period of time specified by the trial judge. The appellants are aggrieved by these conditions and have filed a notice of appeal from the orders entered on their motion to compel arbitration.
There is no issue here as to the appellants’ entitlement to arbitration. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) permits review by this court of a nonfinal order which determines “whether a party is entitled to arbitration.” Review of nonfinal orders is limited to those specifically described in rule 9.130(a)(3). We interpret the rule to mean that a party is entitled to interlocutory review by this court of an issue of entitlement to arbitration. We do not believe the rule permits an appeal where the issues relate to collateral matters, such as in this case. The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla.1984).
Accordingly, we have concluded that the appellants seek review of matters which are not appealable at this time and, therefore, we have no jurisdiction. We have considered treating this case as a petition for certiorari but, even though the trial judge may have departed from the essential requirements of the law, there is no basis for concluding that irreparable injury would be suffered by the appellants; the error, if any, can be rectified on plenary appeal. We note that a conflicting position on the certiorari question is expressed in Davidson v. Foshee Enterprises, Inc., 467 So.2d 1118 (Fla. 1st DCA 1985).
For the foregoing reasons, we dismiss this appeal.
SCHEB and SCHOONOVER, JJ., concur.