PER CURIAM.
El Cid Condominium Association, Inc. appeals an order denying its motion to compel appraisal. Because this Court lacks jurisdiction, the appeal is dismissed.
In November, 1997, the trial court entered an agreed order compelling appraisal when El Cid provided Public Service Mutual Ins. Co. with a scope of loss statement. The matter dragged on until this Court released its decision in United States Fidelity and Guaranty Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999). Based on that holding, the trial court rescinded its previous order compelling appraisal and determined that El Cid was obligated to comply with the post-loss obligations as stated in the policy before El Cid could compel an appraisal.
In this case, the trial court did not deny the parties’ entitlement to arbitration, and therefore, this Court lacks jurisdiction under rule 9.130(a)(3)(C)(v), Florida Rules of Appellate Procedure. See A.G. Edwards & Sons, Inc. v. Wilson, 523 So.2d 1150, 1151 (Fla. 2d DCA 1987) (rule 9.130(a)(3)(C)(v) permits review of orders that determine a party’s entitlement to arbitration, and imposition of conditions is not a denial of arbitration). Additionally, there is no basis for a petition for writ of certiorari. El Cid has not demonstrated that the trial court departed from the essential requirements of the law, causing irreparable injury which cannot be adequately remedied on appeal following the *326 entry- of final judgment. See Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000); (“Common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.”) See also Doe v. Young, 656 So.2d 569, 570 (Fla. 5th DCA 1995) (order directing compliance with pre-suit notice is not grounds for certiorari review).
Accordingly, the appeal is dismissed.