807 So.2d 170 (2002)
Michael J. WEBER, Appellant,
v.
Salvador BONILLA-MATHE, Appellee.
No. 3D01-2722.
District Court of Appeal of Florida, Third District.
February 13, 2002.
Feldman, Gale & Weber and Jeffrey D. Feldman and Michael J. Weber and James A. Stepan, Miami, for appellant.
Adorno & Zeder and Raoul G. Cantero, III, Coconut Grove, and Omar Ortega, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and RAMIREZ, JJ.
SCHWARTZ, Chief Judge.
The defendant in an action for breach of a real estate buy and sell agreement which contained an arbitration clause, appeals from an order denying his motion to dismiss the complaint outright on the ground that the plaintiff had not invoked the arbitration clause. Quite apart from the fact that no authority is or could be cited to support the alarming proposition that a party's failure to invoke arbitration deprives her of the right even to maintain a common law action, the order is not one which determines the entitlement to arbitration under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Southeastern Title Ins. Co. v. Curtis, 155 So.2d 855 (Fla. 3d DCA 1963). Since this is the only provision which even arguably could support appellate review of the non-final order below, see Thomas v. Silvers, 701 So.2d 389 (Fla. 3d DCA 1997), affirmed, 748 So.2d 263 (Fla.1999); Martin Electronics, *171 Inc. v. Glombowski, 705 So.2d 26 (Fla. 1st DCA 1997), the appeal is dismissed.