On Rehearing Granted

COPE, J.
On consideration of the motion for rehearing filed by American Sales and Management Organization, the court withdraws its order entered January 30, 2003, and substitutes the following opinion.
American Sales and Management Organization appeals an order relating to arbitration procedure. We treat the initial brief as a petition for certiorari and grant it in part.
I.
Plaintiff-respondent Admanco Overseas, Inc. filed suit for damages against defen *290 dant-petitioner American Sales. The plaintiff asserted claims for breach of contract, account stated, and quantum meruit.
The litigation arises out of an agreement for providing airport handling services to an air carrier in Aruba. The underlying contract was between the defendant and General Air Services, Inc. The plaintiff is the assignee of General Air.
After the plaintiff filed suit, the defendant moved to compel arbitration pursuant to an arbitration clause contained in the contract. The trial court correctly granted the motion and stayed the action pending results of the arbitration.*
Thereafter, the parties disagreed on whose burden it was to initiate the arbitration proceedings. The plaintiff took the position that since the defendant had moved to compel arbitration, it was the defendant’s burden to initiate the arbitration proceeding. The defendant took the position that since the plaintiff was the party requesting affirmative relief and had filed the lawsuit, it was the plaintiffs burden to initiate the arbitration. The defendant refused to name its arbitrator pending resolution of this dispute.
After further proceedings in the trial court, the court ordered the parties to jointly prepare a notice commencing arbitration and ordered the defendant to name its arbitrator. The defendant has petitioned for a writ of certiorari.
II.
We conclude that the petition is well taken as it relates to the burden of going forward with the arbitration claim. We also conclude that this issue is within our certiorari jurisdiction. See Davidson v. Foshee Enterprises, Inc., 467 So.2d 1118 (Fla. 1st DCA 1985).
When the trial court granted the motion to compel arbitration, it was saying in substance that the plaintiff had filed its claim in the wrong forum. The plaintiff filed a lawsuit in court when the plaintiff should have filed a claim in arbitration. See Davidson, 467 So.2d at 1118.
Since the plaintiff filed the lawsuit and is the party seeking affirmative relief, it follows that the plaintiff now must initiate the arbitration process and prepare its statement of claim. See § 684.08(1), Fla. Stat. (2002); see also 1 Gabriel M. Wilner, Domke on Commercial Arbitration § 14:00, at 215 (Rev. ed. 2002) (“Generally, it is the party seeking substantive relief which must initiate the arbitration, rather than the respondent.”) (footnote omitted). The defending party must then file its response and counterclaim (if any). Id. § 684.08(4).
As the submission of a claim, followed by a response, is the customary procedure, we quash the part of the order which requires a joint submission. The plaintiff must initiate the arbitration proceeding.
The defendant also argues that the trial court should not have ordered the defendant to appoint its arbitrator. Since the defendant has subsequently named its arbitrator, that issue is moot.
Certiorari granted in part, denied in part.

 The arbitration clause is governed by chapter 684, Florida Statutes (2002), pertaining to international arbitrations.