PER CURIAM.
The Florida Appellate Court Rules Committee (Committee) has filed in this Court its triennial report of regular-cycle proposed rule amendments in accordance with Florida Rule of Judicial Administration 2.140(b)(4). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Committee’s regular cycle report proposes amendments to rules 9.010 (Effective Date and Scope); 9.130(a)(3)(C)(ii) (Proceedings to Review Non-Final Orders and Specified Final Orders; Applicability); 9.130(a)(3)(C)(iv); 9.130(a)(5); 9.140(c)(3) (Appeal Proceedings in Criminal Cases; Appeals by the State; Commencement); 9.200(a)(3) (The Record; Contents); 9.210(a)(5) (Briefs; Generally); 9.310(b)(2) (Stay Pending Review; Exceptions; Public *90 Bodies; Public Officers); 9.330(d) (Rehearing; Clarification; Certification; Exception; Review of District Court Decisions); 9.370 (Amicus Curiae); 9.430 (Proceedings by Indigents); 9.600(d) (Jurisdiction of Lower Tribunal Pending Review; Criminal Cases); 9.800 (Uniform Citation System); and form 9.900(j) (Prisoners Motion and Affidavit to Proceed Without Prepayment of Court Costs and Fees).[1] As required by Florida Rule of Judicial Administration 2.140(b)(2), the proposed rule amendments were published in The Florida Bar News and on the internet website of The Florida Bar. Four comments were received by the Committee. The Executive Committee of the Florida Bar Board of Governors unanimously approved the proposed amendments. After submission, the proposed amendments were again published for comment. Several comments were filed with the Court, and a response to the comments was filed by the Committee. Having fully considered the Committee’s report, the comments, and the Committee’s response to the comments, we adopt the amendments proposed by the Committee with modifications as more fully discussed below. We also adopt sua sponte an amendment to rule 9.190(e)(1) (Judicial Review of Administrative Action; Stays Pending Review; Effect of Initiating Review) to provide consistency with the amendments proposed by the Committee.
AMENDMENTS
Rule 9.130(a)(3)(C)(ii) (Proceedings to Review Non-Final Orders and Specified Final Orders; Applicability) is amended to allow appeals from nonfinal orders granting, modifying, dissolving, or refusing to grant, modify, or dissolve writs of replevin, garnishment, or attachment. The amendment comports with the practice of a majority of the district courts of appeal and clarifies that such orders are directly ap-pealable.
Rule 9.130(a)(3)(C)(iv) is amended to clarify that a nonfinal order determining a party’s entitlement to an appraisal pursuant to an insurance policy is an immediately appealable nonfinal order.
Rule 9.130(a)(5) is amended to remove specific cross-references to other rules authorizing motions for relief from judgment. Instead, the cross-references will be replaced by the phrase “an authorized and timely motion for relief from judgment.” The subdivision is also amended to clarify that motions for rehearing of orders granting or denying motions seeking relief from judgment do not toll the time for filing a notice of appeal.
Rule 9.210(a)(5) (Briefs; Generally) is amended to clarify that certificates of service and compliance are excluded from the computation of page limitations for briefs.
Rule 9.310(b)(2) (Stay Pending Review; Exceptions; Public Bodies; Public Officers) is amended to exclude proceedings to review administrative actions under the Administrative Procedure Act in which public bodies and public officers are party litigants from the automatic stay provisions of the rule. However, to give the rule flexibility in case the Legislature amends the Act, we modify the proposal by adding the phrase “or as otherwise provided by chapter 120, Florida Statutes.” As modified the amendment adds the underlined language to the subdivision as follows:
(2) Public Bodies; Public Officers. The timely filing of a notice shall automatically operate as a stay pending review, except in criminal cases, in administrative actions under the Admin *91 istrative Procedure Act, or as otherwise provided by chapter 120, Florida Statutes, when the state, any public officer in an official capacity, board, commission, or other public body seeks review; provided that an automatic stay shall exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.
We also sua sponte amend rule 9.190(e)(1) (Judicial Review of Administrative Action; Stays Pending Review; Effect of Initiating Review) to be consistent with these changes.
Rule 9.330(d) (Rehearing; Clarification; Certification; Exception; Review of District Court Decisions) is amended to make clear that no motions for rehearing or clarification may be filed from the dismissal of an appeal seeking to invoke the Court’s mandatory jurisdiction when the appeal seeks to review a per curiam affir-mance without opinion. This is done to reflect our holding in Jackson v. State, 926 So.2d 1262 (Fla.2006).
Rule 9.370 (Amicus Curiae) is amended to allow a potential amicus curiae, upon a party’s attempt to invoke the Court’s discretionary jurisdiction, to file a one-page notice with the Court indicating an intent to seek leave to file an amicus brief on the merits if the Court accepts jurisdiction. The notice will briefly explain why the case is of interest to the potential amicus and will assist the Court in ascertaining the relative importance of a case.
Rule 9.430 (Proceedings by Indigents) is amended to conform the rule to this Court’s decision in In re Approval of Application for Determination of Indigent Status Forms for Use by Clerks, 910 So.2d 194 (Fla.2005), where we approved two applications for determination of indigent status forms for use by clerks of court. Specifically, the motion and affidavit of indigency procedure previously utilized is replaced by this new application procedure. However, to conserve judicial resources, we modify the Committee’s proposal to only refer to the applications already adopted for use by circuit court clerks rather than adopting them as part of the appellate rules. Form 9.900(j), which previously contained the form of the motion and affidavit, is deleted. We also modify the Committee’s proposal to amend rule 9.430 to include new subdivision (b), Original Proceedings. The rule is amended to include the new subdivision but requires parties initiating original proceedings, unless otherwise directed by the court, to file directly with the court a motion to proceed in forma pauperis rather than an application for determination of indigent status as proposed by the Committee. Motions to proceed in forma pau-peris are currently used by our appellate court clerks to determine indigency in original proceedings and the new subdivision simply clarifies the procedure.
We hereby adopt the amendments to the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion.[2] New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2009, at 12:01 a.m.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
*92 QUINCE, C.J., concurs in part and dissents in part with an opinion.
CANADY and POLSTON, JJ., did not participate.

. The Committee’s report also includes new rule 9.050 (Maintaining Privacy of Personal Data). This proposal was referred to the Committee on Access to Court Records.

. In addition to the amendments discussed above, there are also several editorial and housekeeping amendments as reflected in the appendix.