ORDER DISMISSING APPEAL
 

 SHEPHERD, J.
 

 This appeal arises out of what Federated National Insurance Company asserts is a runaway appraisal award of more than $200,000 realized by its insured, Mariano
 
 *970
 
 Palenzuela, under his Federated homeowner’s insurance policy. After the award was entered, Federated filed a petition to set aside the award on the ground that the appraisers exceeded the scope of the submission. Palenzuela counterclaimed to have the award confirmed, which resulted in the order sought to be appealed. No final judgment has been entered on the order, and the trial court has made no formal resolution of Federated’s petition. For the reasons set forth below, we dismiss the appeal for lack of jurisdiction.
 

 The substance of order reads:
 

 ORDERED AND ADJUDGED as follows:
 

 1. The motion to confirm the appraisal award be and the same is hereby granted.
 

 2. Petitioner, FEDERATED NATIONAL INSURANCE COMPANY shall have
 
 20
 
 days [from] the date of this order to satisfy the appraisal award.
 

 8. The Court shall continue to reserve jurisdiction to enforce the terms of this order, to determine the issues related to Respondent’s claims to entitlement to an award of reasonable attorneys fees pursuant to Fla. Stat. § 627.428, interest and court costs.
 

 DONE AND ORDERED in chambers, at Miami-Dade County, Florida, on this 16th day of May, 2008.
 

 Curiously, Federated argues this is a final order because at the hearing on the motion, it sought — and was denied — an ev-identiary hearing. That is not so. Not only does the order sought to be appealed lack any of the usual words that signal finality,
 
 McGurn v. Scott,
 
 596 So.2d 1042, 1045 (Fla.1992), but the degree of finality necessary to support an appeal — an adjudication on the merits which effectuates a termination of the cause as between the parties directly affected — has not occurred.
 
 Id.
 
 at 1043;
 
 S.L.T. Warehouse Co. v. Webb,
 
 304 So.2d 97, 99 (Fla.1974) (affirming dismissal of third-party defendant’s counterclaim when the third-party complaint remained pending).
 

 In so concluding, we are mindful that Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) recently was amended to “clarify” that a nonfinal order determining a party’s entitlement to an appraisal pursuant to an insurance policy is immediately appealable.
 
 See In re Amendments to The Fla. Rules of Appellate Procedure,
 
 2 So.3d 89 (Fla.2009). However, the application of Rule 9.130(a)(3)(C)(iv), in either its pre-amendment or post-amendment form, is unavailing to Federated in this case because it is clear the order over which review is sought did not determine entitlement.
 
 Cf. Weber v. Bonilla-Mathe,
 
 807 So.2d 170, 170 (Fla. 3d DCA 2002) (holding order denying motion to dismiss based on plaintiffs failure to invoke contractual arbitration clause “[was] not one which determine[d] the
 
 entitlement
 
 to arbitration under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv)”);
 
 accord Se. Title & Ins. Co. v. Curtis,
 
 155 So.2d 855 (Fla. 3d DCA 1963).
 

 Appeal dismissed.