PER CURIAM.
 

 The appellants seek review of a nonfinal “Order Denying Defendants’ Motion to Dismiss Complaint and Setting Case Management Conference,” entered on October 27, 2011. The appellants argue the order is immediately appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) because it necessarily determined their entitlement to arbitration. However, the order on appeal does not determine the appellants’ entitlement to arbitration and the Court lacks jurisdiction to review the order at this time.
 

 The Court’s jurisdiction turns on whether the order on appeal determined the appellants’ entitlement to arbitration. A trial court may construe a motion to dismiss as a motion to compel arbitration and make a determination on a party’s entitlement to arbitration in its order on the motion.
 
 See, e.g., S.D.S. Autos, Inc. v. Chrzanowski,
 
 976 So.2d 600, 602 (Fla. 1st DCA 2007). Alternatively, a trial court may decide a motion to dismiss that asserts an entitlement to arbitration without reaching the arbitration issue.
 
 See Weber v. Bonilla-Mathe,
 
 807 So.2d 170 (Fla. 3d DCA 2002) (dismissing appeal from order denying motion to dismiss wherein defendant sought dismissal because plaintiff had not invoked arbitration clause);
 
 Southeastern Title and Ins. Co. v. Curtis,
 
 155 So.2d 855 (Fla. 3d DCA 1963) (dismissing appeal from order denying motion to dismiss wherein defendant’s sole grounds for dismissal was that the claims were subject to arbitration and therefore the plaintiff should be required to exhaust her remedies in arbitration). Similar to the defendant in
 
 Curtis,
 
 the appellants construe the order on appeal as an order denying a motion to compel arbitration because the underlying motion to dismiss had asserted that the claims raised in the complaint are subject to arbitration. However, even if the claims are subject to arbitration, dismissal of the complaint is not required.
 
 See
 
 § 682.03(1), (3), Fla. Stat. (2010);
 
 Rittman v. Allstate Ins. Co.,
 
 727 So.2d 391,
 
 *1074
 
 394 (Fla. 1st DCA 1999) (“A stay of judicial proceedings is required when the action involves an issue subject to arbitration, an application for arbitration has been made, and the trial court determines the arbitration decision may have an effect on the litigation.”). The appellants have not filed a motion in the trial court seeking to compel arbitration and the trial court did not construe the appellants’ motion to dismiss as such a motion.
 

 DISMISSED.
 

 VAN NORTWICK, THOMAS, and ROWE, JJ., concur.