DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PACIFIC NATIONAL BANK, N.A.,**
Appellant,

v.

**HOME TOWER CONDOMINIUM, INC.,** a Florida corporation, not-for-profit, **HART DISTRICT, LTD, CHARTER SCHOOLS USA AT HOLLYWOOD, L.C., 1805 HOLDINGS, LLC, MARK F. BUTLER, LIBERTY FAITH LUKASIEVICH** as Sole Heir of Michael Lukasievich, deceased, **MYRON H. BURNSTEIN, MIETTE K. BURNSTEIN, ALAN L. GOLDBERG,** Chapter 7 Trustee of the Bankruptcy Estate of Aventura Business Center, Inc., and **McMAHON ASSOCIATES, INC.,**
Appellees.

No. 4D13-2491

[September 2, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 12-34374 CACE 14.

David S. Garbett and Brian P. Yates of Garbett, Stiphany, Allen & Roza, P.A., Miami, for appellant.

Stephanie D. Alexander and Lisa D. MacClugage of Tripp Scott, P.A., Fort Lauderdale, for appellee Charter Schools USA at Hollywood, L.C.

Myron H. Burnstein, Hollywood, pro se, and as attorney for appellee Miette K. Burnstein.

FORST, J.

Appellant Pacific National Bank ("PNB") appeals the entry of a final judgment of foreclosure in favor of Appellee Home Tower Condominium, Inc. ("Home Tower"). Because PNB affirmatively agreed to the entry of the judgment, we affirm.

This appeal began as a foreclosure action filed by Home Tower, a condominium owners association, against the owner of property in the condominium, Hart District, Ltd. ("Hart"), for failure to pay condominium

association fees.  As part of the action, individual condo owners and a tenant of Hart were impleaded into the case.  Home Tower also initially included a count, dropped post-hearing, to quiet title versus PNB.  PNB was not a party to the foreclosure action.

As a defense in the foreclosure action, the condo owners and Hart's tenant alleged that, three years earlier, the condo owners had obtained an injunction ("the 2009 injunction") against Hart, requiring it to restore the common areas of the building to its prior condition.  The other parties raised this injunction, with which Hart allegedly failed to comply, as a defense in the foreclosure action.

Home Tower filed a motion for summary judgment and this matter proceeded to a hearing on the motion.  While PNB did not provide a transcript of the summary judgment hearing, the trial court provided a summary of the proceedings.  This summary shows:  (1) counsel for Home Tower provided counsel for the parties, including PNB, with an initial proposed final judgment; (2) counsel for Appellee Burnstein then insisted on the insertion of a clause related to the 2009 injunction and counsel for Home Tower "participated in drafting the agreed upon language with which PNB now appeals"; (3) "[c]ounsel for PNB was shown the agreed upon language" and, when "asked to comment upon this language, [PNB's counsel] offered no comment or objection"; and (4) "[c]ounsel for Home Tower, without objection from counsel for any party, including counsel for PNB, chose to move forward and have summary judgment entered inclusive of the mandatory injunction disclosure."  The trial court's summary emphasized that had a party not agreed to the final judgment's language regarding the 2009 injunction, it would not have entered judgment but "defer[red] ruling for the submission of further affidavits or memorandum of law on the issue . . . ."

The facts, as conveyed to this Court through the limited record provided by Appellant PNB, indicate that PNB consented to the judgment at issue.  As the Eleventh Circuit stated in *Shores v. Sklar*, 885 F.2d 760 (11th Cir. 1989):

The law is clear that consent to entry of judgment without reservation of the right to appeal a particular claim bars an appeal:

Where the parties have agreed to entry of an order or judgment without any reservation relevant to the issue sought to be appealed, one party may not later seek to upset the judgment, unless lack of "actual consent" or a failure of subject matter jurisdiction is alleged.

2

*Id.* at 762 (quoting *Dorse v. Armstrong World Indus., Inc.*, 798 F.2d 1372, 1375 (11th Cir. 1986)). To the extent that PNB argues "actual consent" has not been shown, the record before us certainly indicates consent. Responsibility for any failure to include a proper transcript for review to show otherwise lies with the appellant. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979).

Even if the acquiescence reflected in the summary of proceedings was insufficient to show affirmative consent to the judgment, the evidence in the record indicates PNB knew of the language it now finds erroneous and failed to object to its inclusion, despite every opportunity to do so. "The requirement of an objection at trial avoids 'the creation of 'gotchas' whereby the defense is allowed to sit on its rights, saying nothing until after it sees whether the jury returns an adverse verdict.'" *Brazill v. State*, 845 So. 2d 282, 290 (Fla. 4th DCA 2003) (quoting *Jones v. State*, 571 So. 2d 1374, 1376 n.3 (Fla. 1st DCA 1990)); *see also South Puerto Rico Sugar Co. v. Tem-Cole, Inc.,* 403 So. 2d 494, 495 (Fla. 4th DCA 1981) (holding that a defendant is precluded from contesting his co-defendant's directed verdict on appeal when defendant's counsel fails to "voice an objection to the granting of [the co-defendant's] motion for a directed verdict, or inform the court how his client's interest would be prejudiced if the motion were granted."). Because of PNB's failure to object, this issue was not preserved for review by this Court. Accordingly, we affirm.[1]

*Affirmed.*

Stevenson and Levine, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] This opinion should not necessarily be construed to limit the ability of any third-party purchaser of the property to bring suit regarding the legality of the injunction or the final judgment in this case.