# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2582
Lower Tribunal No. 14-28096
_____

**Federico Gomez,**
Appellant,

vs.

**S & I Properties, LLC and Jenesco Partners, LLC,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Law Offices of Gregory M. Ochalek PLLC and Gregory M. Ochalek, for appellant.

Law Offices of Mendez & Mendez, P.A., Sergio L. Mendez, and Daniel J. Mendez, for appellees.

Before ROTHENBERG, SALTER and LUCK, JJ.

LUCK, J.

Federico Gomez appeals a nonfinal order denying his motion to dismiss S&I Properties, LLC and Jenesco Partners, LLC's complaint based on an arbitration clause in the parties' contract. We dismiss the appeal for lack of jurisdiction.[1]

S&I Properties entered into a contract to sell commercial real estate (6113 Southwest 8th Street) to American Land for $4,725,000. Jenesco Partners, likewise, entered into a contract to sell commercial real estate (6200 Southwest 8th Street) to American Land for $3,685,000. The transactions were conditioned upon American Land successfully closing and conveying a separate piece of property (3905 Gem Twist Court) to a third party for $9,428,175. The purchase and sale agreements contemplated an exchange transaction in which American Land would sell the Gem Twist property and use the funds to purchase the Eighth Street properties. Both contracts contained broad arbitration clauses, stating that "[a]ny controversy or claim arising out of or relating to this contract shall be settled by neutral binding arbitration." Gomez, who was the manager for American Land, signed on the company's behalf.

American Land closed on the Gem Twist property on October 9, 2014 and closing for the Eighth Street properties was scheduled for October 20. Prior to the October 20 closing, however, S&I Properties and Jenesco became aware that American Land would not close on their properties and sent a demand letter to

---

[1] The parties did not request oral argument.

American Land. Ultimately, American Land failed to close on the Eighth Street properties even though it had the money from the sale of the Gem Twist property.

S&I Properties and Jenesco sued American Land for breach of contract (counts 1 and 2) and specific performance (count 3 and 4). As to both American Land and Gomez, the complaint alleged fraud (count 5), stating that Gomez "fraudulently diverted and transferred the exchange property funds [$9,428,175] for his own purposes and did not apply the funds to the purchase of the [Eighth Street] commercial properties."

Gomez moved to dismiss the complaint because he was not served, he could not be sued in his individual capacity without allegations piercing the corporate veil, and the parties' contract was governed by an arbitration clause. The trial court denied the motion. Gomez appeals the trial court's nonfinal order denying his motion to dismiss.

Normally, "a defendant cannot appeal a nonfinal order which denies a motion to dismiss." Haridopolos v. Citizens for Strong Sch., Inc., 81 So. 3d 465, 468 (Fla. 1st DCA 2011) (en banc) (quotation omitted). The Florida Constitution, however, grants the district courts of appeal jurisdiction to "review" some "interlocutory orders," but only to "the extent provided by rules adopted by the supreme court." Fla. Const. art. V, § 4(b)(1). Florida Rule of Appellate Procedure

3

9.130 is the rule adopted by the Florida Supreme Court, and it lists the nonfinal orders that are appealable to the district courts.

Gomez contends that we have jurisdiction to review the trial court's order denying his motion to dismiss because Rule 9.130(a)(3)(C)(iv) provides for "[a]ppeals . . . of non-final orders . . . that . . . determine . . . the entitlement of a party to arbitration." Fla. R. App. P. 9.130(a)(3)(C)(iv). By denying his motion to dismiss based on the arbitration clause in the real estate contracts, Gomez argues, the trial court necessarily determined that he was not entitled to arbitrate the fraud claim.

Three times, in Southeastern Title and Insurance Co. v. Curtis, 155 So. 2d 855 (Fla. 3d DCA 1963), Weber v. Bonilla-Mathe, 807 So. 2d 170 (Fla. 3d DCA 2002), and Hopewell, LLC v. Alarion Bank, 84 So. 3d 1073 (Fla. 1st DCA 2012), this court and another district court have addressed this argument (an order denying a motion to dismiss based on an arbitration clause is the same for appellate jurisdiction purposes as an order determining entitlement to arbitration) and rejected it. We take this opportunity to do so again here.

In Curtis, for example, before Rule 9.130 was adopted, Florida law authorized an appeal from an order denying an application to compel arbitration. Curtis, 155 So. 2d at 856 n.1. The plaintiff sued his insurance company under an uninsured motorist policy. Id. at 856. That part of the policy "contained a

4

provision for arbitration." Id. The insurance company moved to dismiss the complaint because the "contract attached to plaintiff's original complaint provide[d] that all claims brought for damages under [the uninsured motorist coverage] shall be settled by arbitration." Id. (quoting from the motion to dismiss). The insurance company, as Gomez does here, "construed the order denying the motion to dismiss as an order denying an application to compel arbitration" and sought an interlocutory appeal. Id. The court explained that it lacked jurisdiction to consider the appeal because "[t]here [was] nothing in the record to indicate that the appellant-insurance company has made an application to the court for an order directing the parties to proceed with arbitration in accordance with the contract. If the [insurance company] wishe[d] to arbitrate, it should initiate action in this direction." Id.

Forty years later, in Weber, the court addressed a case almost identical to this one. There, as here, the plaintiff sued for "breach of a real estate buy and sell agreement which contained an arbitration clause." Weber, 807 So. 2d at 170. The defendant appealed "from an order denying his motion to dismiss the complaint outright on the ground that the plaintiff had not invoked the arbitration clause." Id. The court said "that no authority is or could be cited to support the alarming proposition that a party's failure to invoke arbitration deprives her of the right even to maintain a common law action." Id. The order denying the motion to dismiss,

the court concluded, was "not one which determine[d] the <u>entitlement</u> to arbitration under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv)." <u>Id.</u>

Most recently, in <u>Hopewell</u>, the appellants argued that an order denying their motion to dismiss was immediately appealable "because it necessarily determined their entitlement to arbitration." <u>Hopewell</u>, 84 So. 3d at 1073. The appellants, the first district said, "construe[d] the order on appeal as an order denying a motion to compel arbitration because the underlying motion to dismiss had asserted that the claims raised in the complaint [were] subject to arbitration." <u>Id.</u> That was wrong, the court explained, because "even if the claims [were] subject to arbitration, dismissal of the complaint [was] not required." <u>Id.</u> Because the appellant had "not filed a motion in the trial court seeking to compel arbitration and the trial court did not construe the appellants' motion to dismiss as such a motion," the court lacked jurisdiction to review the order. <u>Id.</u> at 1074.

In sum, Gomez made two faulty assumptions about the trial court's dismissal order. Gomez, first, assumed the arbitration clause was self-effectuating. It was not. As the <u>Weber</u> court explained, there is no authority for the proposition that the existence of the arbitration clause alone strips the plaintiff of its right to bring a common law cause of action. The arbitration clauses in these real estate contracts have to be enforced by one of the parties. That can be done through a motion to compel arbitration, or the trial court has discretion to construe the

6

motion to dismiss based on the arbitration clause as a motion to compel. Neither happened in this case.

Gomez's second assumption was that the trial court must dismiss the complaint where there was an enforceable arbitration clause. This, too, was incorrect. As the Hopewell court highlighted in its citation to the Florida arbitration code, even where "the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration." § 682.03(7), Fla. Stat. (2016). Dismissal, in other words, is not appropriate pre-arbitration, even when there's an enforceable arbitration provision. The trial court must stay the case and retain jurisdiction, for example, to confirm and enforce the arbitration award once one is handed down. See id. § 682.12 ("After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order . . . .").

Here, all the trial court's dismissal order determined was that dismissing the complaint was not appropriate at this point in the case based on the arbitration clauses. The order was consistent with the Florida arbitration code and our decisions in Curtis and Weber. The trial court's dismissal order did not determine – because it was not asked to determine – Gomez's entitlement to arbitrate the fraud claim. If Gomez wants that relief, he must file a motion to compel

arbitration.  See Curtis, 155 So. 2d at 857 ("If the defendant wishes to arbitrate, it should initiate action in this direction.").

Because he did not do so, his appeal of the trial court's order denying the motion to dismiss was not a determination of his entitlement to arbitration.  We, therefore, lack jurisdiction to consider Gomez's appeal of the dismissal order at this time.

Appeal dismissed.