IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

COURTNEY ROBERTS AND CAROL
ROBERTS,

       Appellants,

 v.                                    Case No. 5D17-2840

PNC BANK, N.A.,

       Appellee.

_____/

Opinion filed October 19, 2018

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Michael Saracco, of Saracco Law, Cocoa,
for Appellants.

William L. Grimsley, N. Mark New, II, and
Kimberly Held Israel, of McGlinchey
Stafford, Jacksonville, for Appellee.


EDWARDS, J.

      Appellants, Courtney and Carol Roberts, appeal the trial court's order imposing

sanctions against them (fifty percent) and their attorney (fifty percent) in accordance with

section 57.105, Florida Statutes (2015). Appellants and their attorney failed to preserve

the issue for appeal, as they entered into a stipulated final judgment which set forth the

entitlement to and amount of the sanctions that were imposed. *See Pac. Nat'l Bank, N.A.*

*v. Home Tower Condo., Inc.*, 174 So. 3d 565, 567 (Fla. 4th DCA 2015). Additionally, Appellants' argument that the trial court erred by imposing sanctions against their attorney is not properly before this court because the attorney did not individually appeal and failed to include himself as an appellant. *See Faddis v. City of Homestead*, 157 So. 3d 447, 453 (Fla. 3d DCA 2015). We affirm the trial court's well-written, detailed order imposing sanctions, which is supported by competent, substantial evidence. We deny Appellants' motion for appellate attorney's fees and grant Appellee's. Additionally, Appellants' counsel, Michael A. Saracco, is hereby ordered to show cause within ten days why this court should not sanction him for making what appears to be a blatant, material misrepresentation in his brief regarding the trial court's findings on the sanctions motion.

The trial court awarded the sanctions because Appellants and their counsel persisted in asserting a defense that they knew or should have known was not supported by facts or law. Specifically, Appellants attempted to defend against the underlying mortgage foreclosure action by asserting that the debt represented by the note had been paid and that the note had been assigned to the Courtney Roberts Trust. However, there was no evidence to support that claim. Appellee, PNC Bank, N.A., served a section 57.105(1) safe harbor notice demanding that defense be withdrawn; Appellants refused to do so. After the safe harbor time period expired, PNC filed its sanctions motion with the court.

The trial court held a post-trial hearing on PNC's section 57.105(1) motion and noted that Appellants and their counsel had repeatedly asserted the defense of payment/assignment in the answer, discovery responses, deposition testimony, and in several demands for dismissal of the foreclosure action. The trial court determined that

Appellants' defense was implausible, frivolous, and that their refusal to withdraw the defense after receiving PNC's safe harbor letter was unsupportable. Specifically, the trial court found that Appellants' defense was not supported by any documentary evidence and that the testimony of Appellant Courtney Roberts was internally inconsistent and not credible. The trial court also found that Appellants' purported handwriting expert, Curt Baggett, "lacked the credentials, experience, and qualifications to testify" regarding the questioned assignment document. Additionally, the trial court noted that "Mr. Baggett has a long history of being rejected as an expert by numerous courts in many jurisdictions" and was referred to in at least one decision as a "charlatan." The trial court remarked that Mr. Baggett's difficulties were easily discoverable with a simple internet or legal database search and further noted that prior to trial, attorney Saracco was already "aware of Mr. Baggett's less than stellar credentials as a handwriting expert and the findings of numerous courts that Mr. Baggett was not a competent expert."

As far as setting the date by which Appellants and their counsel should have withdrawn the unsupportable, frivolous defense, the trial court looked to the record. The trial court found that on October 26, 2015, PNC gave Appellants a copy of the report its handwriting expert, Thomas Vastrick, prepared.[1] That report expressed Vastrick's opinion that the purported assignment/indorsement document was not authentic, and was entirely contrived, that the questioned document never existed as an original document, and that the supposed handwritten entry of "Courtney Roberts Trust" was a cut and paste job. After reciting this detailed history, the trial court included in its order granting the

---

[1] In stark contrast to Mr. Baggett, the trial court found Mr. Vastrick to be well-credentialed, well-trained, and credible in explaining his analysis and conclusions regarding the phony document upon which Appellants and their attorney relied.

3

sanctions motion its specific finding that "Mr. Saracco and his clients should have known by October 26, 2015 that the Defendants' endorsed note defense was not supported by the material facts and contradicted by overwhelming evidence." Accordingly, the trial court found PNC was entitled to section 57.105 sanctions from October 26, 2015, forward for having to litigate and defend against the "endorsed note" defense.

The parties then entered into a stipulated final judgment that set forth the specific amounts of attorney's fees, costs, and interest to be awarded to PNC and against Appellants and attorney Saracco as section 57.105 sanctions. As noted above, by entering into this stipulated final judgment without reserving any right to appeal, Appellants and attorney Saracco waived appellate review. Because attorney Saracco did not individually appeal or include himself as an appellant, he waived any right to appellate review of his fifty-percent share of the sanctions awarded to PNC.

Finally, even if we ignore these waivers, the trial court's order is supported by competent, substantial evidence and sets forth very specific findings as to the unsupported nature of the defense and a date by which Appellants and their counsel knew the defense should have been withdrawn. Accordingly, we affirm the trial court's order, grant Appellee's motion for appellate attorney's fees, and deny Appellants' motion.

We must now address what appears to us to be a blatant, material misrepresentation of the record by attorney Michael A. Saracco. On page seventeen of Appellants' amended initial brief, which he authored, attorney Saracco makes the following statement:

4

> The trial court failed to make a specific finding that Roberts or its counsel knew or should have known that Roberts claim was not supported by material facts.[2]

Contrary to this statement, on page eight of the sanctions order, the trial court explicitly stated:

> After considering the above stated history of this case, the Court finds that Mr. Saracco and his clients should have known by October 26, 2015 that the Defendants' endorsed note defense was not supported by the material facts and contradicted by overwhelming evidence.

On page nine of the sanctions order the trial court further stated, "The defense should have been withdrawn upon the realization that it was not supportable and was, in fact, frivolous." On that same page, the trial court again specifically stated that the defense was not supportable, was frivolous, and "that Mr. Saracco and his clients should have known by October 26, 2015 that the defense of the 'endorsed Note' was not supported by the material facts."

Appellants' misstatement, set forth above, was quoted and described as being "patently false" and "outrageous" in Appellee's answer brief, which laid out the same passages from the trial court's order that we referenced. Attorney Saracco seemingly passed on what most would have taken as an opportunity to set the record straight, as he chose not to file a reply brief or otherwise correct that misstatement. Accordingly, we order Michael A. Saracco to show cause in writing within ten days from the date this opinion issues as to why this court should not sanction him for making what appears to be a blatant, material misrepresentation in the brief that he filed with this court and for

---

[2] The same misstatement was previously set forth on page seventeen of Appellants' original initial brief, which was stricken for failure to comply with the Florida Rules of Appellate Procedure.

failing to correct the misrepresentation when it was clearly and forcefully brought to his attention by opposing counsel.

AFFIRMED.

ORFINGER and EVANDER, JJ., concur.