# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1996
Lower Tribunal No. 18-8225
_____

**Anthony S. Walker,**
Appellant,

vs.

**Gregg Stephen Tekerman,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Gary Barcus (Pembroke Pines), for appellant.

MKRS, LAW P.L., and Sergio R. Casiano, Jr., for appellee.

Before SUAREZ, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Upon consideration, we grant appellee's motion and dismiss this appeal for lack of jurisdiction, as the trial court's order denying appellant's motion to dismiss for failure to state a cause of action is a nonfinal, nonappealable order. See Fla. R. App. P. 9.130(a)(3); Gomez v. S & I Props., LLC, 220 So. 3d 539 (Fla. 3d DCA 2017); Eagle Arts Acad., Inc. v. Tri-City Elec. Co., 211 So. 3d 1083 (Fla. 3d DCA 2017); Fineman v. Greenberg, 575 So. 2d 1310 (Fla. 3d DCA 1991).

Alternatively, appellant requests that we treat this as a petition for writ of certiorari. Certiorari is ordinarily unavailable to review an order denying a motion to dismiss. See Lantana Ins., Ltd. v. Thornton, 118 So. 3d 250, 251 (Fla. 3d DCA 2013) and cases cited; Cuneo v. Conseco Servs., LLC, 899 So. 2d 1139 (Fla. 3d DCA 2005); Royal Caribbean Cruises, Ltd. v. Sinclair, 808 So. 2d 231, 232 (Fla. 3d DCA 2001) (holding: "The mere expense and inconvenience of litigation does not constitute harm sufficient to permit certiorari review, even if the order departs from the essential requirements of the law"). Further, the petition filed in the instant case fails to establish the prerequisite to invoking this court's certiorari jurisdiction—an irreparable harm that cannot be corrected on postjudgment appeal. See Bd. of Trs. Of Internal Improvement Fund v. Am. Educ. Enters., 99 So. 3d 450, 454-55 (Fla. 2012). We are therefore without jurisdiction to consider this on certiorari review.

Appeal dismissed.