NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DIVERSICARE MANAGEMENT )
SERVICES CO.; DIVERSICARE )
HEALTHCARE SERVICES, INC.; and )
JANICE L. HORTON as to Hardee )
Manor Healthcare Center, )
)
       Appellants, )
)
v. )       Case No. 2D18-2554
)
THE ESTATE OF HERBERT P. CATT, )
by and through GLORIA J. COOK, )
personal representative, )
)
       Appellee. )
_____ )

Opinion filed March 29, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hardee County;
Marcus J. Ezelle, Judge.

Karen M. Shimonsky and Dorothy V.
DiFiore of Quintairos, Preito, Wood &
Boyer, Tampa, for Appellants.

Joanna Greber Dettloff and Megan L.
Gisclar of Wilkes & McHugh, P.A., Tampa,
for Appellee.


LaROSE, Chief Judge.

       Diversicare Leasing Corporation, Diversicare Management Services, Co.,

Diversicare Healthcare Services, Inc., and Janice L. Horton (collectively, "Diversicare")

appeal the trial court's order compelling arbitration. Ostensibly, this nonfinal order

determined "the entitlement of a party to arbitration." Fla. R. App. P. 9.130(a)(3)(C)(iv). On closer review, however, we must conclude that the only issues Diversicare raises on appeal relate to collateral matters unrelated to the question of entitlement to arbitration. Accordingly, we dismiss this appeal.

## Background

Herbert Catt resided at Hardee Manor Healthcare Center for less than three months. Upon his admission to Hardee Manor, he executed an arbitration agreement providing that any dispute arising from his stay at the facility would be resolved through arbitration.

After Mr. Catt died, his Estate sued Diversicare, as the owner and operator of Hardee Manor. The Estate ventured several theories: nonlethal negligence (count I), lethal negligence (count II), wrongful death (count III), breach of fiduciary duty (count IV), aiding and abetting breach of fiduciary duty (count V), and violations of section 415.1111, Florida Statutes (2017) (count VI).

Diversicare moved to stay the lawsuit and compel arbitration. On the eve of the hearing on the motion, the parties agreed to arbitrate. Thus, when the hearing commenced, there was no issue as to any party's entitlement to arbitration. Nonetheless, the hearing proceeded on the Estate's objection to a provision in the arbitration agreement that "all administrative fees and costs, including the fees of the arbitrators, shall be split equally between the Parties." The Estate also took issue with a provision that "each Party shall be responsible for their own attorneys' fees." After the hearing, the trial court entered a written order compelling arbitration and severing the costs and fees provisions, finding that they violated public policy because section

- 2 -

415.1111 provides a potential statutory right for a prevailing party to recover attorneys' fees.

Diversicare argues that the trial court improperly severed the attorneys' fees provision from the arbitration agreement; it argues that the trial court should have severed this provision only as to count VI, the only count providing for a statutory right to potentially recover fees. Thus, Diversicare asserts that the trial court "should have only removed the agreement of the parties to bear their own attorney's fees with respect to the section 415.1111 count and should have left the remainder of the provision intact . . . and further erred in striking the parties' agreement to split administrative fees and costs."

Although Diversicare purports to appeal a nonfinal order determining "the entitlement of a party to arbitration," Fla. R. App. P. 9.130(a)(3)(C)(iv), it alternatively petitions for issuance of a writ of certiorari directed to the trial court's order. The Estate posits that we lack jurisdiction to review the order because it "does not bear on the entitlement of a party to arbitrate, but instead involves a collateral matter over which there is no right to interlocutory appellate review."

**Analysis**

A party may seek interlocutory review of an order determining "the entitlement of a party to arbitration." Fla. R. App. P. 9.130(a)(3)(C)(iv). At first blush, the order before us appears to fit the bill; the order directed the parties to submit their dispute to arbitration. But this appeal is really Diversicare's effort to bring ancillary, nonfinal and nonappealable issues to us. Its effort fails. We find A.G. Edwards & Sons, Inc. v. Wilson, 523 So. 2d 1150 (Fla. 2d DCA 1987), instructive.

- 3 -

In that case, the trial court entered orders granting appellants' motion to compel arbitration. Id. at 1151. In doing so, the trial court directed the parties to initiate arbitration within a specified period. Id. This direction prompted an appeal, which caused us to initially observe that "[t]here is no issue here as to the appellants' entitlement to arbitration." Id. We also noted that "Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) permits review by this court of a nonfinal order which determines 'whether a party is entitled to arbitration.' "[1] Id.

Thus, we construed the relevant appellate rule "to mean that a party is entitled to interlocutory review by this court of an issue of entitlement to arbitration. We do not believe the rule permits an appeal where the issues relate to collateral matters, such as in this case." Id.; see also, e.g., Tenet Healthcare Corp. v. Maharaj, 859 So. 2d 1209, 1211 n.1 (Fla. 4th DCA 2003) ("Rule 9.130(a)(3)(C)(iv) does allow for appellate review in arbitration cases but only as to the essential issue whether a party is entitled to arbitration." (citing A.G. Edwards & Sons, Inc., 523 So. 2d at 1150)); El Cid Condo. Ass'n, Inc. No. II v. Pub. Serv. Mut. Ins. Co., 780 So. 2d 325, 325 (Fla. 3d DCA 2001) (dismissing appeal for lack of jurisdiction from the trial court's order denying motion to compel appraisal because "the trial court did not deny the parties' entitlement to arbitration, and therefore, this Court lacks jurisdiction under rule 9.130(a)(3)(C)(v)" (citing A.G. Edwards & Sons, Inc., 523 So. 2d at 1151)).

Strikingly, all parties before us concede that they agreed to arbitrate before the hearing on Diversicare's motion. Consequently, they do not ask us to resolve

---

[1]We can discern no legally meaningful distinction between the language employed in the version of Florida Rule of Appellate Procedure 9.130 relevant to our disposition in A.G. Edwards & Sons, Inc. and the version of the rule pertinent to our consideration in this appeal.

- 4 -

an issue as to "the entitlement of a party to arbitration." Instead, Diversicare seeks our review of their squabble over costs and attorneys' fees.

Because the issues raised by Diversicare do not fall within the purview of rule 9.130(a)(3)(C)(iv), we must dismiss this appeal. After all, "[t]he thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment." Travelers Ins. Co. v. Bruns, 443 So. 2d 959, 961 (Fla. 1984).

Finally, Diversicare is not entitled to issuance of a writ of certiorari. Diversicare fails to demonstrate that the trial court departed from the essential requirements of the law, causing irreparable injury which cannot be adequately remedied on plenary appeal following the entry of final judgment. See Belair v. Drew, 770 So. 2d 1164, 1166 (Fla. 2000) ("Common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders." (quoting Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1098 (Fla. 1987))); see also Town of Longboat Key v. Islandside Prop. Owners Coal., LLC, 95 So. 3d 1037, 1039 (Fla. 2d DCA 2012) (denying certiorari petition because "[t]he Town ha[d] not met this exacting standard"); Laycock v. TMS Logistics, Inc., 209 So. 3d 627, 631 (Fla. 1st DCA 2017) ("[T]he Florida Supreme Court established an exacting standard for certiorari review, always requiring irreparable harm to the petitioner.").

Dismissed.


CASANUEVA and MORRIS, JJ., Concur.