# Third District Court of Appeal

## State of Florida

Opinion filed October 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D22-1321 & 3D22-1322
Lower Tribunal No. 22-7132

_____

**Suntech Plumbing and Mechanical Corp.,**
Petitioner,

vs.

**Bella Isla, LLC, and Civic Construction Company, Inc.,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Kirwin Norris, P.A., and David M. Adelstein (Orlando), for petitioner.

The Barthet Firm, and Alexander E. Barthet, Richard Brandon Deegan, and John C. Hanson, II, for respondents.


Before FERNANDEZ, C.J., and LOGUE and HENDON, JJ.

LOGUE, J.

Suntech Plumbing and Mechanical Corp. appeals the trial court's order dismissing its lawsuit against Civic Construction Company, Inc. and Bella Isla, LLC without prejudice and ordering Suntech and Civic Construction to participate in binding arbitration. On appeal, Suntech does not dispute that its claims against Civic Construction are subject to arbitration pursuant to the terms of the parties' contract. Instead, Suntech argues the trial court erred in dismissing its lawsuit against Civic Construction and Bella Isla rather than staying the lawsuit, and further argues that its lien foreclosure claim against Bella Isla should not have been stayed pending the outcome of the arbitration with Civic Construction.

Because the trial court's order of dismissal, however, is neither a final order nor an appealable nonfinal order we lack jurisdiction to consider Suntech's appeal of the dismissal order. See generally U.S. Bank Nat. Ass'n v. Rodriguez, 206 So. 3d 734, 736 (Fla. 3d DCA 2016) ("Generally, when an order dismisses a complaint 'without prejudice,' that language signifies that the order is not a final order."); Diversicare Mgmt. Servs. Co. v. Estate of Catt ex rel. Cook, 267 So. 3d 560, 562–63 (Fla. 2d DCA 2019) (holding that Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) does not permit interlocutory review of issues relating to collateral matters); A.G. Edwards & Sons, Inc. v. Wilson, 523 So.2d 1150, 1151 (Fla. 2d DCA 1987) (same). C.f.

Gomez v. S & I Properties, LLC, 220 So. 3d 539 (Fla. 3d DCA 2017) (dismissing appeal of nonfinal order denying motion to dismiss based on an arbitration clause in the parties' contract because order did not determine entitlement to arbitrate and thus District Court of Appeal lacked jurisdiction to consider appeal).

Suntech alternatively seeks certiorari review of the trial court's order of dismissal; however, the trial court's order expressly retained jurisdiction to enforce any arbitration award and to reinstate Suntech's lien foreclosure claim against Bella Isla should arbitration not resolve the matter. Suntech has therefore failed to establish irreparable harm necessitating exercise of our certiorari jurisdiction.

Dismissed.