# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1393
Lower Tribunal No. 23-14453
_____


**Susanna Alan,**
Appellant,

vs.

**Sandy T. Fox, P.A.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Susanna Alan, in proper person.

Kogan Law P.A., and Lyudmila (Luda) Kogan (Hallandale), for appellee.


Before FERNANDEZ, HENDON, and LOBREE, JJ.

LOBREE, J.

On Motion to Dismiss

Hoping to arbitrate by use of The Florida Bar's fee arbitration program rather than under the terms of a retainer agreement, appellant moved below to dismiss appellee's complaint to compel arbitration of a claim for attorney's fees allegedly due. Appellant appeals from the trial court's ensuing order denying her motion to dismiss and directing her to select within two days an individual from appellee's list of proposed arbitrators, failing which, the trial court would appoint an arbitrator. Appellee has moved to dismiss the appeal for lack of jurisdiction, asserting that the order is a non-final, non-appealable order. Appellant asserts that jurisdiction lies under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) (designating non-final orders that "determine . . . the entitlement of a party to arbitration" as appealable), because the trial court "ordered the parties to commence arbitration within 2 days."

Upon consideration of appellee's motion to dismiss this appeal for lack of jurisdiction, we grant the motion and dismiss this appeal as one taken from a non-final, non-appealable order. Despite appellant's contrary assertion, the trial court's order did not compel the parties to arbitration. Instead, the order determined procedural matters concerning appointment of an arbitrator, which in this instance is an issue ancillary to that of the entitlement of a party to arbitration and not appealable. See, e.g., Diversicare Mgmt. Servs. Co. v. Est. of Catt ex rel. Cook, 267 So. 3d 560, 562 (Fla. 2d DCA

2

2019) (holding that rule 9.130(a)(3)(C)(iv) does not encompass matters collateral to that of entitlement to arbitration).

Appeal dismissed.