# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

————————————————

PALM GARDEN OF SUN CITY CENTER, LLC;
PALM GARDEN HEALTHCARE HOLDINGS, LLC;
PALM HEALTHCARE MANAGEMENT, LLC;
SPRINGDALE HEALTH CENTERS, LLC; and
GEORGE HANLEY (as to Palm Garden of Sun City Center),

Appellants,

v.

LINDA P. BOOTH, as personal representative
of the Estate of Julia D. Pavis, deceased,

Appellee.

No. 2D2024-1445

————————————————

July 16, 2025

Appeal from the Circuit Court for Hillsborough County; Melissa M. Polo, Judge.

Scot E. Samis, C. Ryan Jones, and Brandon R. Christian of Traub Lieberman Straus & Shrewsberry LLP, St. Petersburg, for Appellants.

Dara A. Cooley of Dara Cooley Law, P.A., St. Petersburg, for Appellee.

PER CURIAM.

Dismissed. *See Diversicare Mgmt. Servs. Co. v. Est. of Catt ex rel. Cook*, 267 So. 3d 560, 563 (Fla. 2d DCA 2019) (dismissing an appeal because the parties did not ask the court to "resolve an issue as to 'the

entitlement of a party to arbitration' "); *A.G. Edwards & Sons, Inc. v. Wilson*, 523 So. 2d 1150, 1151 (Fla. 2d DCA 1987) (dismissing an appeal from an order that directed the parties to initiate arbitration within a specified period because the Florida Rules of Appellate Procedure do not permit "an appeal where the issues relate to collateral matters, such as in this case"); *Tenet Healthcare Corp. v. Maharaj*, 859 So. 2d 1209, 1211 n.1 (Fla. 4th DCA 2003) (explaining that the rules do "allow for appellate review in arbitration cases but only as to the essential issue whether a party is entitled to arbitration"); *see also Roberts v. PNC Bank, N.A.*, 263 So. 3d 119, 121 (Fla. 5th DCA 2018) ("Because attorney Saracco did not individually appeal or include himself as an appellant, he waived any right to appellate review of his fifty-percent share of the sanctions awarded to PNC."); *Faddis v. City of Homestead*, 157 So. 3d 447, 453 (Fla. 3d DCA 2015) ("Patterson did not name himself as an appellant in this appeal. This alone is fatal to his challenge of the trial court's monetary sanction against him. . . . The fact that he appealed the sanction order on behalf of his client does not suffice to constitute an appeal of the order in his own right.").

SILBERMAN, KELLY, and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.