DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN PETERSON** and **DANIELLE PETERSON,**
Appellants,

v.

**HECHT CONSULTING CORP.,**
Appellee.

No. 4D16-1329

[August 9, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. 07-10633(02).

Thomas W. Paradise and Nicolette N. John of Vernis & Bowling of Broward, P.A., Hollywood, for appellants.

David B. Pakula of David B. Pakula, P.A., Pembroke Pines, and David A. Neblett and Jack Wynn of Perry & Neblett, P.A., Miami, for appellee.

DAMOORGIAN, J.

Appellants, John and Danielle Peterson, appeal a prevailing party fee and cost judgment entered in favor of Appellee, Hecht Consulting Corp. We affirm the court's prevailing party determination and lodestar calculation without further comment, but remand for a reduction of the lodestar amount upon consideration of the results obtained.

By way of background, Appellants retained Appellee as their public adjuster after their home was damaged by a 2005 hurricane. The contract between the parties provided that Appellants agreed to assign Appellee 10% of the insurance proceeds they recovered for damages to their residential structure. The contract also provided for prevailing party attorney's fees in the event of litigation. Appellants recovered close to $100,000 from their insurer.

In May of 2007, Appellee sued Appellants for breach of contract, civil theft, and unjust enrichment, alleging that Appellants failed to pay it the agreed upon percentage of their insurance proceeds. The record reflects that Appellants offered Appellee $2,658 to settle pre-suit and then offered

$5,000 to settle at the inception of the lawsuit, but that Appellee rejected both offers. A few months later, Appellants filed a proposal for settlement in the amount of $7,768, which Appellee also rejected.

After the parties conducted limited discovery, the court entered summary judgment in favor of Appellants on the civil theft count. The parties continued to litigate the remaining counts until September of 2011 when they agreed to settle the dispute, exclusive of attorney's fees, for $3,000. Thereafter, the parties engaged in contentious litigation regarding entitlement to and the proper amount of fees.

After determining that Appellee was the prevailing party pursuant to the terms of the contract, the court conducted an evidentiary hearing to consider the proper amount of fees. Appellee's attorney sought more than $90,000 in fees, representing that he expended a total of 304 hours on the matter at the rate of $300 an hour. Appellee's expert testified, without addressing the lodestar factors with any degree of specificity, that the amount claimed by Appellee's attorney was reasonable. Appellants' expert conceded that $300 was a reasonable hourly rate, but opined that Appellee's attorney grossly overbilled the case. After examining each billing entry and lodestar factor in detail, Appellants' expert testified that $32,435.25 was the proper lodestar amount for the case. However, Appellants' expert opined that this amount should be reduced significantly based on the results obtained factor, highlighting that Appellee spent four years litigating a fixed-recovery case, ultimately settling for not much more than the pre-suit offer and for less than two post-suit offers made early on in the litigation.

Considering the evidence presented at the hearing, the court entered final judgment wherein it determined that the proper lodestar amount was $29,025. The court did not reduce this amount based on the results obtained factor. This was error.

In *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985), the supreme court adopted the federal lodestar approach for calculating attorney's fees, which requires the court to multiply the reasonable number of hours expended by a reasonable hourly rate to reach the lodestar figure. In order to arrive at the lodestar amount, the trial court must consider the following factors:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly. (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will

preclude other employment by the lawyer. (3) The fee customarily charged in the locality for similar legal services. (4) The amount involved and the results obtained. (5) The time limitations imposed by the client or by the circumstances. (6) The nature and length of the professional relationship with the client. (7) The experience, reputation, and ability of the lawyer or lawyers performing the services. (8) Whether the fee is fixed or contingent.

*Id.* at 1150.

After arriving at the lodestar amount, the court may then increase or reduce the amount based on a contingency risk multiplier or the results obtained. *Id.* at 1151.

The "results obtained" may provide an independent basis for reducing the fee when the party prevails on a claim or claims for relief, but is unsuccessful on other unrelated claims. When a party prevails on only a portion of the claims made in the litigation, the trial judge must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims. In adjusting the fee based upon the success of the litigation, the court should indicate that it has considered the relationship between the amount of the fee awarded and the extent of success.

*Id.* "A court must reduce an attorney fee award from the lodestar amount when the prevailing party achieves only limited success." *Eckhardt v. 424 Hintze Mgmt., L.L.C.*, 969 So. 2d 1219, 1222 (Fla. 1st DCA 2007) (holding that the trial court erred by failing to reduce the lodestar figure based on the results obtained factors when "[t]he trial court awarded the landlord $34,387.50 in fees even though there was only $17,716.37 in controversy, and the jury awarded the landlord only $4,250.00"). *See also Jomar Props, LLC v. Bayview Constr. Corp.*, 154 So. 3d 515, 519 (Fla. 4th DCA 2015) (holding that the trial court appropriately reduced the lodestar amount based on the fact that the prevailing party recovered substantially less damages than it sought).

Here, under any view, Appellee achieved limited success in the underlying litigation. Appellee lost at summary judgment on its most lucrative count—civil theft. Appellee then spent an exorbitant amount of time pursuing a simple breach of contract suit wherein his maximum

recovery was $10,000. Even this endeavor was limited in its success as Appellee's recovery, $3,000, was less than a third of the amount sought and less than amounts offered by Appellants at the onset of the litigation. Under the facts of the case, the court should have reduced the lodestar amount based on the results obtained. Accordingly, we reverse and remand for the entry of a new order reducing the $29,025 lodestar figure an amount deemed proper by the trial court based on the results obtained. In doing so, we note that the only evidence on the subject presented below was Appellants' expert's testimony that the lodestar amount should be reduced in proportion to the amount recovered as compared to the damages sought.

*Reversed and remanded for additional proceedings.*

Kuntz, J., and Cynamon, Abby, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***